## STATE v. MARTIN JOHN WALLACE.

156 N. W. (2d) 206.

February 2, 1968—No. 39,560.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Robert E. Oliphant,* Assistant State Public Defenders, for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Thomas Poch,* Assistant County Attorney, for respondent.

ROGOSHESKE, JUSTICE.

By action of the grand jury of Ramsey County, defendant was accused of committing the crime of burglary in violation of Minn. St. 609.58, subd. 2(3). The indictment charged that without consent defendant entered the building of the M. F. Patterson Dental Supply Company in St. Paul with intent to steal. He was tried and found guilty by a jury. His post-trial motion for judgment notwithstanding the verdict or a

new trial was denied, and he appeals from the order denying that motion and from the judgment of conviction. Two issues are presented: Whether the evidence was sufficient to support the verdict, and whether his court-appointed counsel afforded him adequate representation.

Since there is no dispute that on September 5, 1963, at about 9 p. m., someone forcibly entered the dental supply company's building by breaking a window, the first issue is narrowed to the sufficiency of the evidence identifying defendant as the person who committed the burglary.

The evidence shows that the sound of breaking glass attracted two women and a man residing in the neighborhood. They immediately went to the building, looked through the broken window, and saw someone moving about inside. Thinking it might be the janitor, they began to walk away from the building when one of the women shouted, "There he jumps out of the window." One of the women, called by the prosecution, testified that this person had "something white in his hand" when he came out of the window, was wearing "dark clothes," that his "hair was all mussed up" as he walked "right between Mrs. Nicholson and [her]" and passed by upon the sidewalk within 2 or 3 feet of her. She positively identified defendant as the person who came out the window, both to the police officer whom she summoned and who arrested defendant a short time afterward, and at trial. Other evidence relating to the circumstances of defendant's apprehension, including that defendant had white work gloves in his possession when he was arrested near the building, gives persuasive force to the witness' identification of defendant despite his denial that he entered the building and his claim that he was simply leaving a nearby tavern after spending the afternoon helping a friend move into an apartment in the neighborhood. The trial court, in denying defendant's post-trial motion, approved the verdict, and we cannot do otherwise than agree that the evidence adequately supports the finding of defendant's guilt.

Defendant's claims of inadequate representation are based upon his post-trial affidavit in which he asserts that his court-appointed counsel denied him the discovery advantages of a preliminary hearing because of a failure to appear at three such scheduled hearings, following which

an indictment was returned by the grand jury and his request for a preliminary hearing was dismissed; that he was afforded inadequate time to consult with counsel; that counsel failed to peremptorily challenge a juror who, defendant alleges, had an interest in or a relationship to the company burglarized and two jurors who, he alleges, were friends of a witness for the state; and that counsel failed to subpoena three witnesses who, he claims, would have corroborated his explanation for his presence near the building.

Both court-appointed counsel who successively represented defendant before and upon trial filed affidavits directly contradicting these assertions. Attached to counsel's affidavits were copies of two letters, one sent by defendant when awaiting sentence and one following his imprisonment. Both letters not only expressed satisfaction with, but high praise for, the quality of the representation he received before and during trial. His trial counsel's affidavit stated that each juror had been accepted with defendant's express consent, and that the witnesses whom defendant desired subpoenaed could not be found by counsel. The affidavit of the attorney representing defendant before trial stated that counsel's appearance at the scheduled preliminary hearings was made impossible because of conflicting court appearances as defense counsel in other criminal cases.[1]

The trial court's denial of defendant's post-trial motion by necessary implication rejected defendant's claims and found defendant was afforded adequate representation. Not only must this resolution of a disputed fact issue be upheld under settled rules of appellate review of fact issues, but our examination of the transcript of the trial and the affidavits compels the conclusion that counsel ably and faithfully represented defendant during the entire course of the proceedings.

In retrospect, it may be helpful to observe that defendant's claim of ineffective representation might preferably have been ventilated by an evidentiary hearing. At such a hearing, the sworn testimony of defendant and counsel could be received while memories were still fresh and,

---

[1] It is settled that a preliminary hearing is not required when the accusation is by indictment. State v. Uglum, 175 Minn. 607, 222 N. W. 280.

hopefully, final disposition of this claim achieved by dissuading defendant from any attempt to reassert the same claim in a postconviction proceeding pursuant to the provisions of L. 1967, c. 336.

Affirmed.