## STATE v. BENJAMIN EDWARD WOLSKE.

160 N. W. (2d) 146.

June 28, 1968—No. 40,471.

*Whitney E. Tarutis,* for appellant.

*Douglas M. Head,* Attorney General, and *Alan M. Schlesinger* and *David J. Byron,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Defendant appeals from a judgment of conviction of the crime of carnal knowledge of a female child, 17 years of age,[1] and from an order denying his motion to withdraw a plea of guilty and enter a plea of not guilty to the indictment charging that offense.[2]

In this appeal, defendant makes broad claims of denial of constitutional rights with respect to the trial court's refusal to afford him an evidentiary hearing on his withdrawal motion and the lack of or inadequacy of representation by counsel at all stages of the proceedings resulting in his conviction. Although we find these claims to be without merit and

---

[1] Minn. St. 617.02(3).

[2] Presumably, this appeal from the judgment taken on July 6, 1966, in which he is represented by privately retained counsel, supersedes an appeal also taken from the judgment dated August 16, 1966, and filed on defendant's behalf by the public defender.

many of the facts claimed upon which they are asserted are unsupported by the record, it developed on oral argument that a question of first impression which we are compelled to answer on this appeal is whether a defendant is entitled to withdraw a plea of guilty where the plea was entered in reliance upon a promise by the prosecuting attorney to seek dismissal of other pending charges and such promise was unfulfilled, resulting in a withholding of the charge concessions contemplated by a plea agreement.

Defendant was arrested and charged with carnal knowledge of a 17-year-old female child and two counts of incest involving his daughters, ages 14 and 15. Four days later, after his appearance before the municipal court and before counsel was appointed or a scheduled preliminary hearing was held, the grand jury returned indictments for these offenses. These indictments superseded the proceedings pending in the municipal court. Thereafter, defendant appeared for arraignment before the district court upon the carnal knowledge charge. After ascertaining defendant's eligibility, the court appointed counsel, who was present in the courtroom and who, at the suggestion of the court, thereupon conferred with defendant. Immediately thereafter during the noon recess, defendant's counsel and the prosecuting attorney engaged in plea negotiations. The record is undisputed that a plea agreement was reached whereby the prosecuting attorney promised to "move the District Court for the dismissal of these [incest] charges if Benjamin Wolske would plead guilty to the crime of carnal knowledge." Defendant agreed and, as acknowledged and reported by his defense counsel, "was very relieved" and "felt he was being fairly treated." Thereupon, defendant tendered his plea of guilty, and the court, assured by explanations and questions addressed to defendant personally that the plea was intelligently and voluntarily made and that a factual basis therefor existed, accepted his plea. Defendant was then adjudged guilty and, after a presentence investigation, sentenced to imprisonment for a term not exceeding 7 years with a recommendation that he be considered for parole at his first hearing before the Adult Corrections Commission.[3]

---

[3] At defendant's first hearing 6 months after commitment, the commission denied parole and continued his case 3 years for further review.

The existence of the plea agreement was not made known to the sentencing court until defendant filed his motion to withdraw his plea after his commitment to prison. At the hearing on the motion, defendant's primary claims were that he was denied "effective" assistance of counsel and that he was "innocent." He also asserted that he pled guilty after he was "told by his court-appointed counsel that the Court would suspend the sentence and grant immediate probation." On refuting this latter claim, the affidavits of both the prosecuting attorney and defense counsel expressly denied any promise to recommend a suspended sentence and candidly disclosed that the plea was tendered pursuant to the plea agreement set out above.[4]

It is further undisputed that when defendant entered his guilty plea, the prosecuting attorney, for reasons not disclosed by the record, did not thereupon seek dismissal of the incest charges as contemplated by the plea agreement.[5]

---

[4] The court readily found no promise of sentence concession. However, there is no indication in this record that the court was made aware of defendant's further claim of an unfulfilled plea agreement now urged before this court. It is understandable that the significance of the record in this respect was not fully appreciated because of the widely held view that plea bargaining is prohibited, a view only recently rejected by this court in State v. Johnson, 279 Minn. 209, 156 N. W. (2d) 218, as urged by commentators and, most recently, by the Advisory Committee on the Criminal Trial of the American Bar Association Project on Minimum Standards for Criminal Justice. See, A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (tentative draft), § 3.1, "Propriety of plea discussions and plea agreements." See, also, Note, *Guilty Plea Bargaining: Compromises by Prosecutors to Secure Guilty Pleas,* 112 U. of Pa. L. Rev. 865, 878 to 882.

[5] The fact that dismissals of the charges dated some 2½ years after defendant pled guilty have now been mailed to this court after the oral argument of this appeal cannot be accepted as a fulfillment of the agreement. Such belated dismissals do not afford to the defendant the obvious benefits of contemporaneous dismissals nor, as he argues, give him any more benefits than he can now himself obtain by motions to dismiss for failure to prosecute upon claims that while imprisoned he has repeatedly demanded trial or dismissal of these charges.

The sole question, therefore, with which we are concerned is: Where there has been a plea agreement and the prosecution does not fulfill its part of the agreement, should a defendant after judgment but upon timely motion be allowed to withdraw his plea of guilty? We hold that withdrawal should be allowed under such circumstances. Although we do so reluctantly in this case, we do so primarily as a necessary condition of our acceptance and approval of the practice of plea negotiations and agreements commonly employed by prosecutors and defense counsel in this and other jurisdictions in the disposition of a large percentage of criminal cases. State v. Johnson, 279 Minn. 209, 156 N. W. (2d) 218.

Even though Minn. St. 630.29 provides that the court "may permit" a guilty plea to be withdrawn "[a]t any time before judgment," we have long held that withdrawal after judgment of conviction may be allowed in the discretion of the court. State v. Olson, 115 Minn. 153, 131 N. W. 1084; State v. Harding, 260 Minn. 464, 110 N. W. (2d) 463. This rule authorizing withdrawal in the discretion of the court after sentence admittedly offers little practical guidance in the disposition of this case, since the question presented involves policy considerations regarding both our acceptance of plea agreements generally and our approval of the agreement reached in this case. Rule 32(d), Federal Rules of Criminal Procedure,[6] which allows withdrawal after imposition of sentence to correct "manifest injustice" and which is regarded by some states as a model rule of procedure,[7] appears similarly deficient. In early 1967, the Advisory Committee on the Criminal Trial of the American Bar Association Project on Minimum Standards for Criminal Justice, in a report entitled Standards Relating to Pleas of Guilty (tentative draft), tendered comprehensive recommendations covering procedural problems in this aspect of criminal justice. Included are proposed standards for procedures to be followed regarding the withdrawal of a plea of guilty and also stand-

---

[6] Rule 32(d) provides: "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

[7] Note, 112 U. of Pa. L. Rev. 865, 876.

ards to govern the practice of plea discussions and agreements, several of which were quoted with approval in State v. Johnson, *supra*.[8] We regard these proposals as valuable guidelines from a responsible source. As indicated in Johnson and other cases, we have referred to them as authoritative, and, when persuaded, we intend to adopt them in order to bring our procedure into conformity with those recommendations which are found to improve the administration of justice.

Section 2.1 of the standards, entitled "Plea withdrawal," which we quote in full, provides:

"(a)  The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice.

"(i)  A motion for withdrawal is timely if made with due diligence,

---

[8] For reference purposes, we quote from PART III, PLEA DISCUSSIONS AND PLEA AGREEMENTS, § 3.1: "Propriety of plea discussions and plea agreements.

"(a) In cases in which it appears that the interest of the public in the effective administration of criminal justice (as stated in section 1.8) would thereby be served, the prosecuting attorney may engage in plea discussions for the purpose of reaching a plea agreement. He should engage in plea discussions or reach a plea agreement with the defendant only through defense counsel, except when the defendant is not eligible for or does not desire appointment of counsel and has not retained counsel.

"(b) The prosecuting attorney, in reaching a plea agreement, may agree to one or more of the following, as dictated by the circumstances of the individual case:

"(i) to make or not to oppose favorable recommendations as to the sentence which should be imposed if the defendant enters a plea of guilty or nolo contendere;

"(ii) to seek or not to oppose dismissal of the offense charged if the defendant enters a plea of guilty or nolo contendere to another offense reasonably related to defendant's conduct; or

"(iii) to seek or not to oppose dismissal of other charges or potential charges against the defendant if the defendant enters a plea of guilty or nolo contendere.

"(c) Similarly situated defendants should be afforded equal plea agreement opportunities."

considering the nature of the allegations therein, and is not necessarily barred because made subsequent to judgment or sentence.

"(ii)    Withdrawal is necessary to correct a manifest injustice whenever the defendant proves that:

"(1)    he was denied the effective assistance of counsel guaranteed to him by constitution, statute, or rule;

"(2)    the plea was not entered or ratified by the defendant or a person authorized to so act in his behalf;

"(3)    the plea was involuntary, or was entered without knowledge of the charge or that the sentence actually imposed could be imposed; or

"(4)    he did not receive the charge or sentence concessions contemplated by the plea agreement and the prosecuting attorney failed to seek or not to oppose these concessions as promised in the plea agreement.

"(iii)    The defendant may move for withdrawal of his plea without alleging that he is innocent of the charge to which the plea has been entered.

"(b)    In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea."

As pointed out by the commentary accompanying this standard, courts have allowed withdrawal if upon timely motion defendant proves that his plea of guilty was entered in reliance upon promises by the prosecutor to seek dismissal of other pending charges or to recommend leniency of sentence and such promises are not kept.[9] The principal reason ad-

---

[9] *Commentary* to § 2.1, A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty (tentative draft), p. 57. See, also, Ward v. United States (6 Cir.) 116 F. (2d) 135; State v. Hovis, 353 Mo. 602, 183 S. W. (2d) 147; Dillon v. United States (9 Cir.) 307 F.

vanced to support § 2.1 (a) (ii) (4) of the standard is that, equally with the other factual situations covered in § 2.1, when the benefits of a plea agreement are withheld, it is a manifest injustice not to allow withdrawal. Injustice results because defendant's self-conviction has been induced by a form of official deceit or by means which are at least grossly unfair. When such manifest injustice occurs, fairness requires that "defendant should be allowed to withdraw his plea even though he may actually be guilty of the offense to which the plea was entered."[10] More important, we believe, if withdrawal is refused upon proof of an unkept and unfulfilled plea agreement, defendant has been in effect deprived of his right to a jury trial and the benefit of the presumption of innocence—constitutional safeguards guaranteed to every accused without regard to the probability of his guilt or the truthfulness of any pretrial admissions or confessions. See, Dillon v. United States (9 Cir.) 307 F. (2d) 445. Underlying this reasoning is a recognition of the adversary nature of our system of criminal justice. This system rests on the basic assumptions that every person accused of a crime is presumed innocent and that his legal guilt must be established in an adversary proceeding in which the state has the burden of proof. Thus, an accused, despite his own feeling concerning his guilt or his apparent guilt in the eyes of law enforcement officials, the victim, or others, has the unqualified right to elect to stand trial and to receive the aid of counsel capable of rendering him effective assistance.[11] Additional support for allowing withdrawal is the desirability, if not the necessity, of encouraging reliance upon a prosecutor's preplea promises by affording relief when the prosecu-

---

(2d) 445; Matter of Lyons v. Goldstein, 290 N. Y. 19, 47 N. E. (2d) 425, 146 A. L. R. 1422; McKeag v. People, 7 Ill. (2d) 586, 131 N. E. (2d) 517; United States v. Lias (4 Cir.) 173 F. (2d) 685.

[10] A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, *Commentary,* p. 57. See, also, Note, 64 Yale L. J. 590; Note, 55 Col. L. Rev. 366, 371; Note, 112 U. of Pa. L. Rev. 865, 877.

[11] A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services (tentative draft), Introduction, p. 1.

tor subsequently fails or refuses to fulfill such promises. An accused will be reluctant to engage in negotiations or to enter into a plea agreement if he cannot withdraw his plea of guilty when he does not obtain the expected concessions he was promised. By requiring fulfillment of promises made under the sanction of withdrawal, the prevalent practice of plea negotiations will be undertaken systematically, openly, and subject to control of the court—conditions essential to protect the public interest and to judicial acceptance and approval of plea agreements. State v. Johnson, *supra*.

Where disclosure of a plea agreement is made to the trial judge either before or after acceptance of the plea as recommended, it will not be difficult to determine if plea agreements have been kept, and in the event the agreement is not fulfilled by the prosecutor or not acceptable to the court, the defendant should be afforded the option of either withdrawing or reaffirming his plea, as the standard quoted below expressly provides.[12]

In this case, defendant's plea of guilty was obtained in reliance upon the prosecutor's promise to dismiss the incest charges. The promise made is one which we acknowledge the prosecutor, in the exercise of his discretion, can properly make, and one which is frequently employed in current practice and expressly approved by the recommended stand-

---

[12] A proposed revision of Standards Relating to Pleas of Guilty (tentative draft), § 3.3, provides: "Responsibilities of the trial judge.

"(a) The trial judge should not participate in plea discussions.

"(b) If a tentative plea agreement has been reached which contemplates entry of a plea of guilty or nolo contendere in the expectation that other charges before that court will be dismissed or that sentence concessions will be granted, upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefor in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him. *If the trial judge concurs, but later decides that the final disposition should not include the charge or sentence concessions contemplated by the plea agreement, he shall so advise the defendant and then call upon the defendant to either affirm or withdraw his plea of guilty or nolo contendere.*" (Italics supplied.)

ard. The negotiations were properly conducted through defense counsel, and the agreement was concluded with defendant's personal understanding and consent. The prosecution failed to seek the charge concessions promised, and defendant did not receive the benefits contemplated by the agreement. Not only from a procedural standpoint but also from a correctional point of view, the record establishes that an actual injustice has occurred. It can hardly be doubted that the pendency of the incest charges during more than 2 years of defendant's imprisonment has had its effect upon his attitude toward any rehabilitative efforts and has inevitably influenced the releasing authority's determination of when defendant should be released on parole. Defendant has persisted in his claimed innocence of the incest charges and, in his motion to withdraw his plea, has alleged that he is innocent of the carnal knowledge charge. The record could not support a claim, if one were made, that the withdrawal motion was not made with due diligence under the circumstances. Applying the recommended standard governing withdrawal under these circumstances, we are compelled to allow defendant to withdraw his plea even though the record of the proceedings subsequent to the tender of his plea indicates his apparent guilt of the carnal knowledge offense.

It should be noted that, contrary to the language contained in prior decisions of this court,[13] the recommended standard does not require defendant to allege his innocence. Although there appears to be persuasive authority that innocence need not be claimed,[14] defendant does allege his innocence, and mindful of the infirmities of this record, we reserve approval of that provision of the standard for later decision.

Finally, it should also be noted that a withdrawal motion after sentence is procedurally similar to a motion for a new trial and ought to be regarded as part of the original proceedings.[15] Accordingly, a plenary evidentiary hearing need not be afforded unless the court deems it necessary to resolve a disputed fact issue arising from conflicting affidavits or

[13] See, e. g., State v. Hayes, 276 Minn. 384, 150 N. W. (2d) 552; State v. Roggenbuck, 271 Minn. 557, 136 N. W. (2d) 857.

[14] See footnote 10.

[15] A. B. A. Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies (tentative draft), p. 26.

based upon assertions outside the record. In doubtful cases, an evidentiary hearing may be desirable in order to determine the facts while the witnesses are available and recollections are fresh, thereby hopefully forestalling a later evidentiary hearing of the same fact questions asserted upon an application for postconviction relief. State v. Wallace, 279 Minn. 196, 156 N. W. (2d) 206.

Accordingly, we remand with directions to allow withdrawal of defendant's plea of guilty.

Remanded with directions.