## DUANE ALEXANDER SMUDE v. STATE.

249 N. W. 2d 876.

September 3, 1976—No. 46100.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Richard G. Mark,* Assistant Solicitor General, *Craig H. Forsman,* Special Assistant Attorney General, and *Stephen C. Rathke,* County Attorney, for respondent.

TODD, JUSTICE.

This is an appeal from an order of the Crow Wing County District Court denying a petition for relief from a 1973 conviction for felonious theft, Minn. St. 609.52, a conviction which was based on a guilty plea. We remand for further proceedings.

At the time petitioner entered his guilty plea to the felonious theft charge, he denied that anyone had made any promises, and neither the prosecutor nor the public defender informed the court of any plea bargain. However, in seeking postconviction relief, petitioner contended that his attorney had informed him that a bargain had been made, specifically, that all other charges then pending against him would be either dismissed or not prosecuted, including a rape charge in Wisconsin. Petitioner, serving time in Wisconsin on a conviction growing out of that rape charge, contended that this agreement was breached when Wisconsin authorities prosecuted him on the rape charge, and therefore he sought permission to withdraw the 1973 guilty plea to the felonious theft charge.

The state public defender who represented petitioner in the postconviction proceedings in district court, apparently relying on a department policy, made no effort to secure petitioner's presence at the postconviction hearing but simply informed petitioner that he should present his version of the bargain in an affidavit. The state's witnesses also presented their version of what happened in affidavit form. The postconviction court was hesitant about proceeding in this manner because Minn. St. 590.04,

subd. 3, specifically provides that, in cases other than those involving only issues of law, the court "shall" order the petitioner to be present at the hearing. However, the court reluctantly permitted the hearing to proceed in this manner when the public defender stated on the record that he was waiving petitioner's right to be present and to testify in person.

On the basis of the affidavits, the postconviction court found that there had been a plea bargain but that it involved only dropping or not prosecuting other charges pending against petitioner in Crow Wing and Mille Lacs Counties, not the Wisconsin charge. The court also found that petitioner's public defender at the time had not told him that the Wisconsin charge would be dropped.

In State v. Johnson, 279 Minn. 209, 156 N. W. 2d 218 (1968), and State v. Wolske, 280 Minn. 465, 160 N. W. 2d 146 (1968), this court approved the practice of plea bargaining, saying that it should be conducted openly. Rule 15.01, Rules of Criminal Procedure, continues the practice recommended in Wolske. Specifically, before accepting a plea, the court, with the assistance of counsel, must elicit from the defendant the substance of the plea agreement and must insure that defendant understands that he will have the right to withdraw the plea if the court does not approve the agreement. Reasons for requiring record disclosure of plea agreements include (1) eliminating errors generated by misunderstanding, (2) deterring undesirable bargains by subjecting them to public scrutiny, and (3) reducing appellate litigation. Bond, Plea Bargaining and Guilty Pleas, § 6.10 [1].

Although counsel in this case inexcusably failed to inform the court of the plea agreement at the time petitioner entered his plea, we do not agree with petitioner that this failure constitutes a denial of due process, especially in view of the fact that petitioner participated in the process of keeping the agreement from the court. As long as petitioner is given a full opportunity at the postconviction hearing to litigate the issue of what the bargain was and whether it has been kept, his rights are protected.

■ This brings us to the issue of whether petitioner had a full opportunity to litigate the issue. We believe that he did not because his counsel improperly waived petitioner's right to be present and to testify in person at the hearing.

It is true that petitioner was incarcerated in Wisconsin and that the postconviction court therefore lacked jurisdiction to order petitioner's presence at the hearing. However, petitioner's counsel made no effort to secure petitioner's presence. As the United States Supreme Court stated in Barber v. Page, 390 U. S. 719, 88 S. Ct. 1318, 20 L. ed. 2d 255 (1968), a case concerning the unavailability exception to the confrontation requirement, there are ways in which the presence of witnesses from outside the court's jurisdiction may be secured in criminal cases. Specifically, in our case, petitioner's counsel could have requested that the prosecutor attempt to obtain a common-law writ of habeas corpus ad testificandum from the appropriate Wisconsin court. Presumably that court would have granted the writ upon a showing that adequate safeguards to keep petitioner in custody would be maintained.

Although a petitioner can waive his right to be present and testify at a postconviction hearing, the right is not the type which a petitioner's lawyer should be permitted to waive. Rather, the decision to waive should be for the petitioner to make after he has been informed of his right to be present and to testify. Here the record shows that petitioner passively acquiesced in the decision of his attorney to submit his version in affidavit form; but he did this only after being told that, because he was incarcerated in Wisconsin, this was what he had to do.

On the record as it stands, we believe the postconviction court was justified in making the findings it made. Further, it may well be that the court would have made the same findings after hearing the petitioner testify in person. But because petitioner was denied his right to be present and to testify on a fact issue about which he had knowledge, his chances of succeeding were arguably diminished since the court did not have the opportunity

to observe petitioner's demeanor. We therefore hold that if petitioner's presence can be secured, the hearing should be reopened. If his presence cannot be secured, then petitioner should be given the option of having a plenary hearing at some later date when his presence can be secured.

Remanded for further proceedings.