Florencio Mendoza BARRAGAN,
Respondent,

v.

STATE of Minnesota, pet., Appellant.

No. C5–97–326.

Supreme Court of Minnesota.

Aug. 6, 1998.

Hubert H. Humphrey, III, Minnesota Attorney General, James B. Early, Assistant Attorney General, St. Paul, David J. Hauser, Ottertail County Attorney, Fergus Falls, for Appellant

Richard D. Varriano, Richard Edinger, Moorhead, for respondent.

John M. Stuart, Minnesota State Public Defender, Lawrence Hammerling, Deputy State Public Defender, Cathryn Middlebrook, Assistant State Public Defender, Minneapolis, amicus curiae for State Public Defender.

Karen Ellingson, Executive Director, Maria Baldini–Potermin, Staff Attorney, St. Paul, amicus curiae Immigrant Law Center of Minnesota.

## OPINION

PAGE, Justice.

Appellant Florencio Mendoza Barragan, a resident alien, entered into a plea agreement and, on July 22, 1996, pled guilty to a fifth-degree controlled substance crime in violation of Minn.Stat. § 152.025, subds. 1(1) and 3 (1996). Pursuant to the plea agreement, Barragan's felony sentence was stayed and he was placed on supervised probation for up to 5 years. In addition, he was required to spend 45 days in jail and pay a $1,000 fine. On October 23, 1996, the United States Department of Justice commenced deportation proceedings against Barragan, based on the conviction that resulted from his guilty plea. As a result, Barragan moved to withdraw his guilty plea. The district court denied the motion. It did so based on its finding that Barragan's "pending deportation constitutes a 'collateral consequence'" of the conviction and that Barragan had not demonstrated "to the [c]ourt's satisfaction that withdrawal of the guilty plea [was] necessary to correct a manifest injustice." The court of appeals concluded that withdrawal of Barragan's guilty plea was necessary to correct a manifest injustice and reversed.

The record indicates that Barragan is a resident alien who has resided in the United States for over 11 years, is married, and has three minor children. In May 1996, he was arrested during a drug transaction involving a garbage bag containing 3 pounds of marijuana and, eventually, charged with a fifth-degree controlled substance crime. Barragan's attorney, seeking a reduced sentence for his client, entered into plea negotiations with the prosecutor. On July 16, 1996, Barragan wrote his attorney and expressed some concern about the details and ramifications of pleading guilty. He was specifically concerned about deportation. Subsequently, his attorney met with the prosecutor to discuss the likelihood of Barragan being deported if he pled guilty. Barragan claims that his attorney told him, after meeting with the prosecutor, that deportation was "highly unlikely."

During his guilty plea hearing, Barragan testified under oath that his attorney explained the plea agreement to him, including the number of days he would spend in jail, as well as the fine he would have to pay. On the issue of deportation, Barragan testified as follows:

Q: Okay. Now we also had a chance to talk about deportation?

A: Yes.

Q: And I explained to you that I was informed by the prosecuting attorney of some activity dealing with deportation.

A: Yes.

Q: And that—and that *I explained to you that there' s no way I could know whether they were going to deport you or not ?*

A: Yes.

Q: And you—*and with that information you still want to go ahead with this deal.*

A: Yes.

(Emphasis added.)

■ District courts have broad discretion in deciding whether to permit withdrawal of a guilty plea.[1] We will reverse that determination only if it can fairly be concluded that the district court abused its discretion.[2]

■ The state argues that Barragan is not entitled to withdraw his guilty plea because deportation is a "collateral consequence" of his conviction. In response, Barragan argues that withdrawal of his guilty plea is necessary to correct a manifest injustice because the prosecutor made misrepresentations to his attorney about the likelihood of Barragan being deported.

In denying Barragan's motion to withdraw his guilty plea, the district court concluded that any statements made by the prosecutor about the likelihood of Barragan's deportation "constituted speculation or, at the most, a suggestion about the consequences of the guilty plea"; did not constitute a binding promise of what would take place; and were not an essential element of the plea agreement. The district court also concluded that Barragan was aware of the uncertainty of possible deportation proceedings. Finally, the district court concluded that the possibility that Barragan might be deported was a collateral consequence of his guilty plea.

A review of the record satisfies us that the prosecutor in this case made no promise to Barragan about whether or not he would be deported. Indeed, because the prosecutor had no control over Barragan's deportation, no such promise could have been made. Further, it is clear from Barragan's testimony at the plea hearing that: (a) he was aware that deportation was possible; (b) he understood that no promises were being made about deportation; and (c) with that understanding, he still wanted to and did enter a plea of guilty. Thus, we conclude that the district court did not abuse its discretion in denying Barragan's motion to withdraw his guilty plea.

■ To the extent that Barragan claims deportation, by itself, constitutes a manifest injustice and therefore entitles him to withdraw his guilty plea, we conclude, based on

1. *State v. Wolske*, 280 Minn. 465, 469, 160 N.W.2d 146, 149 (1968).

2. *Kim v. State*, 434 N.W.2d 263, 266 (Minn. 1989).

our decision in *Kim v. State*,[3] as well as our recent decision in *Alanis v. State*,[4] that it does not.

The decision of the court of appeals is reversed, and the order of the district court is reinstated.

---

3.   434 N.W.2d at 266–67 (ignorance of a collateral consequence does not, by itself, entitle a criminal defendant to withdraw a guilty plea).

4.   583 N.W.2d 573 (Minn., 1998) (criminal defendant's possible deportation does not, by itself, constitute a manifest injustice requiring withdrawal of guilty plea).