**CITY OF SAINT PAUL,
relator, Appellant,**

v.

**William A. ELDREDGE, Respondent,**

**Nancy Dudley Kelly, et
al., Respondents.**

**No. A10–528.**

Court of Appeals of Minnesota.

Sept. 21, 2010.

Gerald T. Hendrickson, St. Paul City Attorney, Gail L. Langfield–Seiberlich, Assistant City Attorney, St. Paul, MN, for appellant.

Charles A. Horowitz, Brian N. Niemczyk, Mansfield, Tanick & Cohen, P.A., Minneapolis, MN, for respondent.

Virginia Palmer, Assistant St. Paul City Attorney, St. Paul, MN, for respondents-Nancy Dudley Kelly, et al.

Considered and decided by MINGE, Presiding Judge; TOUSSAINT, Chief Judge; and LARKIN, Judge.

## OPINION

LARKIN, Judge.

Appellant challenges the district court's dismissal of its certiorari appeal of a decision under the Veterans Preference Act as untimely. Because the district court erroneously applied the appellate deadlines under Minn.Stat. § 197.46 (Supp.2009), instead of the deadline under Minn.Stat. § 484.01, subd. 2, we reverse and remand.

## FACTS

Respondent William A. Eldredge is employed as a firefighter by appellant City of St. Paul. Eldredge is also a veteran entitled to protection under the Veterans Preference Act (VPA), which is codified at Minn.Stat. § 197.46. On February 9, 2009, the city sent Eldredge a notice of intent to terminate his employment. Pursuant to the VPA, Eldredge requested a hearing regarding the city's decision. Prior to the hearing, Eldredge moved for summary disposition. On July 31, the St. Paul Civil Service Commission granted Eldredge's motion and dismissed the termination proceeding.

On September 18, the city petitioned the district court for a writ of certiorari under Minn.Stat. § 484.01, subd. 2, seeking judicial review of the commission's dismissal order. The district court issued a writ of certiorari on September 22. On December 7, Eldredge moved to dismiss the appeal, asserting that the proceeding was governed by Minn.Stat. § 197.46 and that the city's request for a writ of certiorari was untimely under that statute. The district court granted the motion to dismiss, and this appeal follows.

## ISSUE

What is the deadline for a first-class city to obtain judicial review of a final decision or order of a civil service commission or board under the VPA?

## ANALYSIS

 In this appeal, we must determine which statutory deadline applies to a first-class city's request for judicial review of a civil service commission's decision under the VPA: Minn.Stat. § 197.46 or Minn. Stat. § 484.01, subd. 2. Section 197.46

requires a notice of appeal to be served within 15 days after notice of the decision, whereas section 484.01 allows an appealing party 60 days to secure a writ of certiorari from the district court. Minn.Stat. § 197.46; Minn.Stat. § 484.01, subd. 2. The issue is one of first impression and raises the possibility of statutory construction.

"Statutory construction is . . . a legal issue reviewed de novo." *Lee v. Fresenius Med. Care, Inc.*, 741 N.W.2d 117, 122 (Minn.2007). When interpreting a statute, our object is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2008). "[An appellate court] first look[s] to see whether the statute's language, on its face, is clear or ambiguous. A statute is ambiguous only when the language therein is subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation and citations omitted). If the legislature's intent is clearly discernible from a statute's unambiguous language, appellate courts interpret the language according to its plain meaning, without resorting to other principles of statutory construction. *State v. Anderson*, 683 N.W.2d 818, 821 (Minn.2004).

*The Veterans Preference Act*

The VPA prohibits a public employer from terminating the employment of an honorably discharged veteran "except for incompetency or misconduct shown after a hearing." Minn.Stat. § 197.46. "The [VPA] provides for a right to a hearing, tells how the right is to be invoked, describes the body before whom the hearing is to be held, and provides for appeal from the decision of the hearing board." *In re Matter of Schrader*, 394 N.W.2d 796, 800 (Minn.1986). Although the supreme court has stated that, "[u]pon issuance of the hearing board's report, both the veteran and the employer may appeal to the district court from the decision of the hearing board," *id.* at 802, the supreme court has not addressed or determined which statutory deadline applies to an employer's appeal of a decision under the VPA.

Eldredge argues that Minn.Stat. § 197.46 governs an employer's right to appeal. The statute states, in relevant part, that

[t]he veteran may appeal from the decision of the board upon the charges to the district court by causing written notice of appeal, stating the grounds thereof, to be served upon the governmental subdivision or officer making the charges within 15 days after notice of the decision and by filing the original notice of appeal with proof of service thereof in the office of the court administrator of the district court within ten days after service thereof.

Minn.Stat. § 197.46. While section 197.46 states that "the veteran may appeal" and sets forth the process by which a veteran may obtain appellate review in the district court, the statute says nothing of an appeal by an employer. The city focuses on this omission and argues that the plain language of section 197.46 provides an appeal process for the veteran but not for an employer or appointing authority.

The city's position finds support in caselaw. "Where a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others." *Maytag Co. v. Comm'r of Taxation*, 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944). The plain language of section 197.46 does not recognize or authorize an employer's or appointing authority's appeal of a decision under the VPA. Moreover, the language describes the filing process as being specific to an appeal by a

veteran. The statute not only says, "[t]he veteran may appeal," it also requires service of the notice of appeal solely "upon the governmental subdivision or officer making the charges," referring to the charges that provide the basis for termination. *See* Minn.Stat. § 197.46 (providing that no veteran shall be removed from employment "except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing"). Because the deadlines under section 197.46 expressly apply to an appeal by a veteran, we cannot extend them to an appeal by an appointing authority. *See Tereault v. Palmer*, 413 N.W.2d 283, 286 (Minn.App.1987) ("[T]he task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court."), *review denied* (Minn. Dec. 18, 1987).

The city argues that, as a city of the first class, its appeal process is governed by Minn.Stat. § 484.01, subd. 2, which states:

Notwithstanding any law to the contrary, the district court has jurisdiction to review a final decision or order of a civil service commission or board upon the petition of an employee or appointing authority in any first-class city. The employee and appointing authority have standing to seek judicial review in all these cases. Review of the decision or order may be had by securing issuance of a writ of certiorari within 60 days after the date of mailing notice of the decision to the party applying for the writ.... This subdivision does not alter or amend the application of sections 197.455 and 197.46, relating to veterans preference.

Section 484.01, subdivision 2, expressly provides for judicial review of an order of a civil service commission or board "upon the petition of an ... appointing authority in any first-class city." And section 484.01, sets forth the process for obtaining review, including a 60–day deadline for securing issuance of a writ of certiorari. In fact, in *Schrader*, wherein the supreme court recognized the government's right of appeal, the employer sought review via writ of certiorari. *See Southern Minnesota Mun. Power Agency v. Schrader*, 380 N.W.2d 169, 172 (Minn.App.1986) (employer petitioned for a writ of certiorari from the district court), *rev'd* 394 N.W.2d 796 (Minn.1986). And, while section 484.01, subdivision 2, states that it "does not alter or amend the application of [the VPA]," because the VPA does not address appeals by employers or appointing authorities, this directive does not affect such appeals.

We recognize that unpublished decisions of this court have referenced an employer's right to appeal a decision under the VPA and the presumptive appellate deadline. *See e.g., Stafne v. City of Center City*, No. C1–98–835, 1998 WL 778931, at *3 (Minn.App. Nov. 10, 1998) ("An appeal from a VPA board's decision may be taken to district court within 15 days after notice of the decision."), *review denied* (Minn. Jan. 21, 1999); *City of Elk River v. Rollins*, No. C0–96–2393, 1997 WL 370461, at *4 (Minn.App. July 8, 1997) (stating that while section 197.46 specifically allows the veteran's right to appeal, "both parties have the same right to appeal"), *review denied* (Minn. Sept. 3, 1997). These decisions cited *Schrader* as support. *Stafne*, 1998 WL 778931, at *3; *Rollins*, 1997 WL 370461, at *4.

■ The district court relied on *Schrader* and *Stafne* as support for its dismissal order; Eldredge relies on *Rollins* in addition to *Schrader* and *Stafne*. But as unpublished cases, *Stafne* and *Rollins* are not binding authority. Minn.Stat. § 480A.08, subd. 3(c) (2008) (stating that "[u]npublished opinions of the [c]ourt of

[a]ppeals are not precedential"). And although unpublished cases may have persuasive value, *see Dynamic Air, Inc. v. Bloch,* 502 N.W.2d 796, 800 (Minn.App. 1993) (holding that unpublished opinions are of persuasive value "[a]t best" and not precedential), because *Stafne* and *Rollins* did not involve the legal issue presented here—whether the deadlines in section 197.46 apply to an appeal by an appointing authority—they are not persuasive. *See Dahlin v. Kroening,* 784 N.W.2d 406, 410 (Minn.App.2010) ("Regardless of the wording in a judicial opinion, including its stated holding, a court's expressions that go beyond the facts before the court are dicta and are deemed to be merely the individual views of the author of the opinion and not binding in subsequent cases." (quotation omitted)). Moreover, in *Schrader,* the supreme court was not presented with the timing issue that is presented here. In fact, the supreme court granted review for the "purpose of settling" the question of the hearing board's scope of power when proceeding under the VPA and held that "a hearing board, proceeding under the Veterans Preference Act, has the power to modify the employer's disciplinary sanction upon a finding of extenuating circumstances." *Schrader,* 394 N.W.2d at 800, 802. Thus, any reliance on *Schrader, Stafne,* and *Rollins* is misplaced.

■ Eldredge offers several additional arguments in support of his contention that section 197.46 governs the city's request for judicial review. None is persuasive. Eldredge first argues that, because the commission was sitting as the "veteran's preference board," and not in its capacity as the St. Paul Civil Service Commission, section 484.01 does not apply.

Section 197.46 provides that "[i]n all governmental subdivisions having an established civil service board or commission, or merit system authority, [the removal or discharge hearing] shall be held before such civil service board or commission or merit system authority." Minn.Stat. § 197.46. The statute also sets forth a method of appointing a three-person board to hold the hearing if no civil service board or commission or merit system authority exists. *Id.* Even though the commission considered and decided this case under the VPA, it was still acting in its capacity as a civil service commission. Indeed, the commission's existence as "an established civil service board or commission" is the very reason it was called upon to hold the hearing. *Id.*

Eldredge next argues that imposing a shorter deadline on a veteran than the employer is unfair and prejudicial to the veteran. But because the VPA prohibits removal of the veteran from his or her position except for "incompetency or misconduct shown after a hearing," the veteran's employment continues, with pay, pending a decision after the hearing. *See id.* If it is determined, after the hearing, that removal is not warranted, the veteran's employment is not terminated. *Id.* Because the veteran remains employed during the pendency of any appeal by the employer, the veteran is not prejudiced by the legislature's provision of a longer appellate period for the employer.

■ Eldredge also argues that a legislative scheme that establishes separate and distinct appellate deadlines for veterans, any first-class city, and any second-, third-, and fourth-class city is absurd.[1] But consideration of whether the

---

1. By statutory definition, a first-class city has more than 100,000 inhabitants, a second-class city has more than 20,000 and not more than 100,000 inhabitants, a third-class city has more than 10,000 and not more than 20,000 inhabitants, and a fourth-class city has not more than 10,000 inhabitants. Minn.Stat. § 410.01 (2008). Minn.Stat. § 484.01, subd.

relevant statutory scheme is absurd involves application of a principle of statutory construction. *See* Minn.Stat. § 645.16 (2008) (stating that "[w]hen the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other matters: . . . the consequences of a particular interpretation"). Because the relevant statutory language is explicit and unambiguous, it is not appropriate for us to consider whether the statutory scheme is absurd. *Id.*; *Anderson*, 683 N.W.2d at 821. Moreover, it is doubtful that the statutory scheme is "absurd" as that term is used in the context of statutory interpretation. *See Hyatt v. Anoka Police Dept.*, 691 N.W.2d 824, 827 (Minn.2005) (stating that appellate courts can disregard the plain meaning of a statute "only in rare cases where the plain meaning utterly confounds a clear legislative purpose." (quotation omitted)). And "[t]he legislature is at liberty to ignore logic and perpetrate injustice so long as it does not transgress constitutional limits." *State ex rel. Timo v. Juvenile Court*, 188 Minn. 125, 128–29, 246 N.W. 544, 546 (1933).

Eldredge also urges us to consider the policies underlying the VPA. *See* Minn. Stat. § 645.16 (2008) (stating that "[w]hen the words of a law are not explicit, the intention of the legislature may be ascertained by considering, among other matters: [ ] the occasion and necessity for the law; . . . the object to be attained; [and] the contemporaneous legislative history"). But once again, it is not necessary or appropriate for us to apply this principle of statutory construction. While we respect and honor our veterans for their service to our country, and appreciate the policies underlying the VPA, because the relevant statutory language is explicit and unambiguous, we may not engage in statutory construction. *Id.*; *Anderson*, 683 N.W.2d at 821. Moreover, Eldredge's assertion of "a clear legislative judgment favoring a fast return to work for honorably discharged veterans" is not implicated when the veteran prevails at the VPA hearing and the employer appeals. *See* Minn.Stat. § 197.46 (prohibiting removal of a veteran from his or her position except for "incompetency or misconduct shown after a hearing.").

▮ Finally, Eldredge suggests, in a footnote, that the city's appeal should have been brought before this court under the general certiorari statute and not before the district court under section 484.01. Eldredge reasons that insofar as the commission's decision is quasi-judicial, the city has a right to certiorari review before this court under sections 606.06 and 606.01. *See* Minn.Stat. § 606.06 (2008) ("A writ of certiorari for review of an administrative decision pursuant to chapter 14 is a matter of right."); Minn.Stat. § 606.01 (2008) (stating that the party shall apply to the court of appeals for the writ). Eldredge argues that "dismissal of [this] appeal must be upheld for having been brought before the incorrect court." Eldredge does not suggest that this issue is one of subject-matter jurisdiction. And because Eldredge did not raise this argument in the district court, it is not properly before this court, and we do not consider it. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.

2, provides a 60–day deadline for obtaining a writ of certiorari from the district court for cities of the first class appealing an order of a civil service commission or board. Second-, third-, and fourth-class cities have ten days to appeal to the district court "from an order of the board concerning the employee's dismissal or suspension without pay for more than 30 days." Minn.Stat. § 44.09, subd. 1 (2008).

1988) (stating that generally, an appellate court will not consider matters not argued to and considered by the district court).

In summary, we conclude that Minn. Stat. § 484.01, subd. 2, establishes the deadline for any first-class city to obtain judicial review of a final decision or order of a civil service commission or board under the VPA.

## DECISION

The plain language of section 197.46 indicates that the appellate procedures described therein do not apply to an appointing authority's appeal of a decision under the VPA. Instead, the city's request for judicial review in this case is governed by section 484.01, subdivision 2. Under this section, the city had 60 days to secure issuance of a writ of certiorari from the district court. Minn.Stat. § 484.01, subd. 2. The commission's decision was issued on July 31, 2009, and the city secured a writ of certiorari on September 22. Thus, the city's appeal was timely. We therefore reverse and remand for further proceedings on the city's writ.

**Reversed and remanded.**