CITY OF SAINT PAUL, Respondent,

v.

William A. ELDREDGE, Appellant,

Nancy Dudley Kelly, et
al., Respondents.

No. A10–0528.

Supreme Court of Minnesota.

July 27, 2011.

Sara R. Grewing, City Attorney, Gail L. Langfield, Assistant City Attorney, Saint Paul, MN, for respondent City of Saint Paul.

Charles A. Horowitz, Brian N. Niemczyk, Mansfield, Tanick & Cohen, P.A., Minneapolis, MN, for appellant.

## OPINION

ANDERSON, PAUL H., Justice.

William A. Eldredge is a firefighter employed by the City of Saint Paul. He is an honorably discharged veteran of the United States Armed Forces; therefore, the Veterans Preference Act (VPA) provides that Eldredge may not be removed from his job as a firefighter except for incompetency or misconduct shown after a hearing. In 2009, the City notified Eldredge that it

intended to terminate his employment. Eldredge challenged the termination under the VPA before the Saint Paul Civil Service Commission, which granted summary disposition in Eldredge's favor. The City sought judicial review by petitioning for and securing the issuance of a writ of certiorari from the Ramsey County District Court. On Eldredge's motion, the court dismissed the writ after concluding that the City had missed the filing deadline for appeals under the VPA. The City appealed. The Minnesota Court of Appeals reversed, concluding that the VPA deadline does not apply to appeals brought by employers. We affirm.

Respondent, the City of Saint Paul, hired appellant William A. Eldredge as a firefighter in 1994. In 2004, the City placed Eldredge on light duty because of a medical condition that affected his eyesight. In 2006, the City notified Eldredge that it was terminating his employment because he was unable to perform the duties of a firefighter. As an honorably discharged veteran of the United States Armed Forces, Eldredge is entitled to the protections and procedures of the Veterans Preference Act (VPA), codified at Minn.Stat. § 197.46 (2010). After receiving the notice of termination from the City, Eldredge requested a hearing under the VPA. The matter was heard before the Saint Paul Civil Service Commission. Eldredge testified before the Commission that, because of his vision, he had difficulty reading but not with "chopping, pulling, finding, searching." In December 2007, after the hearing, the Commission concluded that the City's evidence was insufficient to establish that Eldredge could not perform his job duties and the Commission overturned the City's intended termination of Eldredge.

In February 2009, the City again notified Eldredge that it intended to terminate his employment because he could not perform firefighting duties. For a second time, Eldredge requested a hearing under the VPA before the Saint Paul Civil Service Commission and also moved for summary disposition. By order dated July 31, 2009, the Commission granted Eldredge's motion for summary disposition after determining that the facts underlying Eldredge's employment had not changed since the Commission's 2007 decision to overturn the City's first attempted termination. On September 18, 2009, the City, acting pursuant to Minn.Stat. § 484.01 (2010), petitioned the Ramsey County District Court requesting the issuance of a writ of certiorari in order to obtain judicial review of the Commission's decision.

The district court issued a writ of certiorari on September 22, 2009. The writ was issued within the 60–day deadline set by section 484.01, subdivision 2, for parties to secure issuance of a writ in order to obtain review of the decision of a civil service commission. Eldredge filed a motion to dismiss, asserting that the City's appeal petition was untimely because the VPA provided only 15 days for appeals, whether sought by the veteran or the employer. Eldredge based his motion generally on Minn. R. Civ. P. 12 and argued by analogy to Minn. R. Civ. P. 12.03, which allows a district court to enter judgment on the pleadings in a civil action after the pleadings are closed.

The district court granted Eldredge's motion but did not cite any Rule of Civil Procedure in its order. Rather, the court held that the deadline set out in the VPA applied to the City's appeal and relied on our decision in *Southern Minnesota Municipal Power Agency v. Schrader*, 394 N.W.2d 796, 802 (Minn.1986). In *Schrader*, we stated that "both the veteran and the employer may appeal" from the decision of a hearing board in a VPA proceed-

ing. *Id.* The court then dismissed the City's appeal in this case as untimely on the ground that the City did not meet the appeal deadline provided in the VPA.

The City appealed, and the court of appeals reversed. *City of St. Paul v. Eldredge,* 788 N.W.2d 522, 529 (Minn.App. 2010). The court of appeals held that the district court erred when it applied the 15–day VPA appeal deadline and not the 60–day deadline contained in section 484.01, subdivision 2. *Eldredge,* 788 N.W.2d at 529. In reaching its decision, the court of appeals construed the plain language of the VPA, which grants to veterans a right of appeal to the district court but does not mention a right of appeal for employers. *Eldredge,* 788 N.W.2d at 525. The court of appeals concluded that section 484.01, subdivision 2, applies to this case because subdivision 2 expressly provides authority to a district court to review the final decision of a civil service commission. *Eldredge,* 788 N.W.2d at 526.

The court of appeals concluded that Eldredge and the district court were wrong to rely on *Schrader* to establish that the VPA governs the employer's right to appeal. *Eldredge,* 788 N.W.2d at 527. The court of appeals noted that the employer in *Schrader* secured judicial review through a writ of certiorari. *Eldredge,* 788 N.W.2d at 526. The court of appeals stated that we granted review in *Schrader* in order to resolve questions about the scope of authority of certain hearing boards under the VPA, not to consider any question related to when an appeal must be filed. *Eldredge,* 788 N.W.2d at 527. The court of appeals concluded that the City's appeal was timely because the City had complied with the 60–day deadline to secure a writ of certiorari under section 484.01, subdivision 2, and remanded the case to the district court for further proceedings on the writ. *Eldredge,* 788 N.W.2d at 529. We

granted Eldredge's petition for further review.

■ This appeal raises a question about the appellate jurisdiction of the district courts. It involves a review of both the Minnesota Constitution, which states that the district courts "shall have appellate jurisdiction as prescribed by law," Minn. Const. art. VI, § 3, and Minn.Stat. § 484.01, subd. 1, which grants appellate jurisdiction to the district courts "in every case in which an appeal thereto is allowed by law from any other court, officer, or body." We have held that jurisdiction is a question of law, which we review de novo. *In re Civil Commitment of Giem,* 742 N.W.2d 422, 425–26 (Minn.2007). To decide the jurisdictional question in this case, we must construe the VPA and section 484.01, subdivision 2. Statutory construction is a legal issue subject to de novo review. *Krummenacher v. City of Minnetonka,* 783 N.W.2d 721, 726 (Minn.2010); *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010).

■ We begin our analysis by briefly noting that Eldredge asserted in the district court that his motion to dismiss was analogous to a motion for judgment on the pleadings under Minn. R. Civ. P. 12.03. We do not agree with Eldredge's analogy. Instead, we conclude that his argument that the City missed the deadline for judicial review is a challenge to the appellate jurisdiction of the district court. *See Roseville Educ. Ass'n v. Indep. Sch. Dist. No. 623,* 391 N.W.2d 846, 849 (Minn.1986) (holding that timely issuance of a writ of certiorari is a "jurisdictional prerequisite" to judicial review); *cf.* Minn.Stat. § 484.03 (2010) (authorizing the district courts to issue writs of certiorari as "necessary to the complete exercise of the jurisdiction vested in them by law"). Jurisdiction is a question that may be raised at any time by a party, or sua sponte by a

court. *See Dead Lake Ass'n, Inc. v. Otter Tail Cnty.*, 695 N.W.2d 129, 134 (Minn. 2005). Because Eldredge challenges the jurisdiction of the district court, we will proceed to construe the VPA and section 484.01, subdivision 2, to determine whether the City properly secured judicial review of the decision of the Civil Service Commission.

*Construction of the Veterans Preference Act*

■■■ When we construe statutes, our goal "is to ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2010). We follow the directive that "[w]hen the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." *Id.* When plain and unambiguous language clearly indicates the intention of the Legislature, we have "neither the need nor the permission to engage in statutory interpretation." *Mut. Serv. Cas. Ins. Co. v. League of Minn. Cities Ins. Trust*, 659 N.W.2d 755, 760 (Minn.2003). A statute is unambiguous if it is not reasonably susceptible to more than one interpretation. *In re Welfare of J.B.*, 782 N.W.2d 535, 540 (Minn.2010); *All Parks Alliance for Change v. Uniprop Manufactured Hous. Cmtys. Income Fund*, 732 N.W.2d 189, 193 (Minn.2007).

Under the plain language of the VPA, no veteran employed in a public position "shall be removed from such position ... except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, in writing." Minn. Stat. § 197.46. A veteran has 60 days after receiving notice of his or her intended termination to request a hearing. *Id.* If the employer does not have an established civil service board or commission, or an established merit system authority, then the VPA provides a process for an ad hoc board to be seated to decide the validity of the termination. *Id.* If the political subdivision that employs the veteran does have an established civil service board or commission, or an established merit system authority, then the hearing on the veteran's termination must be held before the established commission, board, or authority. *Id.*

■■■ The appeal provision of the VPA allows a veteran up to 25 days to perfect an appeal from the decision of a civil service commission. *See* Minn.Stat. § 197.46. The veteran must take two steps to perfect the appeal. *Id.* The veteran must first serve written notice of appeal upon his or her public employer within 15 days after the final decision of the commission. *Id.* This notice must state the grounds for the appeal. *Id.* The veteran then must file the original notice of appeal with proof of service with the appropriate district court administrator within 10 days after the notice of appeal was served on the employer. *Id.* Under the plain language of the statute, when the veteran files the notice of appeal and proof of service with the district court administrator, the appeal is perfected. *See id.* Once the appeal is perfected, the district court has jurisdiction over the appeal because section 484.01, subdivision 1, grants to the district courts "appellate jurisdiction in every case in which an appeal thereto is allowed by law from any ... body."

■■■ But the VPA does not specifically mention an employer's right of appeal. *See* Minn.Stat. § 197.46.[1] It also does not

---

1. Section 197.46 provides in part:

The veteran may appeal from the decision of the board upon the charges to the district

provide for service of notice of an employer's appeal upon the veteran. *See id.* Further, the VPA does not mention writs of certiorari as a method for securing review. *See id.* The silence of the VPA regarding an employer's right to appeal implicates three principles of statutory construction. First, we have said that "silence in a statute regarding a particular topic does not render the statute unclear or ambiguous unless the statute is susceptible of more than one reasonable interpretation." *Premier Bank v. Becker Dev., LLC,* 785 N.W.2d 753, 760 (Minn.2010). Second, we have long applied the maxim that when a statute "enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others." *Maytag Co. v. Comm'r of Taxation,* 218 Minn. 460, 463, 17 N.W.2d 37, 40 (1944). And third, when we construe a statute, we read the statute as a whole and turn to statutes relating to the same subject in order that we may avoid conflicting interpretations and give effect to all statutory provisions. *Am. Family Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000).

Section 484.01, subdivision 2, relates to a subject addressed by the appeal provision of the VPA—judicial review of final decisions of civil service commissions. Therefore, we turn to section 484.01, subdivision 2, in order to determine if we can construe the VPA and section 484.01, subdivision 2, together in order to avoid conflicting interpretations and to give effect to all provisions of both statutes—including the implied exclusion of employers from the

court by causing written notice of appeal, stating the grounds thereof, to be served upon the governmental subdivision or officer making the charges within 15 days after notice of the decision and by filing the original notice of appeal with proof of service thereof in the office of the court administrator of the district court within ten days after service thereof.

VPA. *See Schroedl,* 616 N.W.2d at 277. If the two statutes are not susceptible to more than one reasonable interpretation when construed together, then our duty is to apply the plain language of the statutes to this case. *See id.*

*Construction of Section 484.01, Subdivision 2, and the VPA*

Minnesota Statutes § 484.01 defines the jurisdiction of the district courts. Subdivision 1 grants original and appellate jurisdiction. Subdivision 2 provides jurisdiction to the district courts to review the final decisions of civil service commissions in cities of the first class.[2] Subdivision 2 provides in full:

Notwithstanding any law to the contrary, *the district court has jurisdiction to review a final decision or order of a civil service commission or board upon the petition of an employee or appointing authority in any first-class city.* The employee and appointing authority have standing to seek judicial review in all these cases. *Review of the decision or order may be had by securing issuance of a writ of certiorari within 60 days after the date of mailing notice of the decision to the party applying for the writ.* To the extent possible, the provisions of rules 110, 111, and 115 of the Rules of Civil Appellate Procedure govern the procedures to be followed. Each reference in those rules to the Court of Appeals, the trial court, the trial court administrator, and the notice of appeal must be read, where appropri-

**2.** Minnesota Statutes § 410.01 (2010) defines first-class cities as those with more than 100,000 inhabitants; second-class cities as those with more than 20,000 and not more than 100,000 inhabitants; third-class cities as those with more than 10,000 and not more than 20,000 inhabitants; and fourth-class cities as those with not more than 10,000 inhabitants.

ate, as a reference to the district court, the body whose decision is to be reviewed, to the administrator, clerk, or secretary of that body, and to the writ of certiorari, respectively. *This subdivision does not alter or amend the application of sections 197.455 and 197.46, relating to veterans preference.*

(Emphasis added.) The express statement that subdivision 2 does not alter or amend the application of section 197.46—which is the VPA—demonstrates legislative acknowledgment that, at least to some extent, a different process for review is available under the VPA. *Cf. In re Welfare of J.B.,* 782 N.W.2d 535, 540 (Minn.2010) (concluding that statutory references to "both 'public defender' and 'other counsel at public expense' demonstrate legislative acknowledgment that for some parties in juvenile protection proceedings, a public defender would be appointed and, for other parties, 'other counsel' would be appointed"). We now compare the appeal processes of the VPA and of section 484.01, subdivision 2.

Under section 484.01, subdivision 2, either an appointing authority or an employee may "secur[e] issuance of a writ of certiorari" while complying, "[t]o the extent possible," with Minnesota Rules of Civil Appellate Procedure 110, 111, and 115. The appellate rules cited in subdivision 2 are the rules that govern the record on appeal (Minn. R. Civ.App. P. 110, 111), and the rule that describes the form and content of a petition for writ of certiorari and provides for service of the petition and of the writ (Minn. R. Civ.App. P. 115.03). The writ must issue within 60 days for jurisdiction to be established. *See* Minn. Stat. § 484.01, subd. 2. Subdivision 2, by its plain language, applies to proceedings involving a city of the first class.

At this point, we turn back to the VPA in order to contrast the provisions of sub-

division 2 with the steps required for a veteran to perfect an appeal under the VPA. We do so because section 484.01, subdivision 2, specifically states that it does not alter or amend the application of the VPA. The process available under the VPA for veterans to appeal the final decision of a civil service commission is simpler and shorter than the process that an employer must follow in order to appeal the same decision. As explained earlier, in a VPA proceeding, a veteran perfects his or her appeal by first serving written notice of appeal upon the employer within 15 days after the final decision of the commission and then filing the original notice of appeal with proof of service with the district court administrator within 10 days after service. Minn.Stat. § 197.46. When the notice of appeal and proof of service are filed with the district court administrator, the appeal is perfected and the district court's appellate jurisdiction is established.

Unlike the VPA, section 484.01, subdivision 2, expressly grants jurisdiction to the district court to review an appeal sought by an appointing authority in a first-class city from the final decision of a civil service commission. Therefore, we will look to subdivision 2 to determine the process for a first-class city to perfect its appeal. Under subdivision 2, a city seeking judicial review must abide, to the extent possible, with several of our Rules of Civil Appellate Procedure. For example, the city must prepare a petition for a writ of certiorari that follows the content, form, and service requirements of Minn. R. Civ.App. P. 115.03. *See* Minn.Stat. § 484.01, subd. 2. The city also must comply with the transcript and record requirements of Minn. R. Civ.App. P. 110 and 111. *See* Minn.Stat. § 484.01, subd. 2. Subdivision 2 sets a deadline for the city to secure issuance of the writ of certiorari within 60 days. Unlike cities, and other employees who are

not veterans, veterans do not have to follow the rules specified in subdivision 2 because subdivision 2 expressly does not alter or amend the appeal process set out in the VPA. *See* Minn.Stat. § 484.01, subd. 2.

Applying the words of the VPA and of section 484.01, subdivision 2, to the existing situation, we see that the statutes are free from ambiguity. The VPA applies to appeals brought by veterans. *See* Minn.Stat. § 197.46. Subdivision 2 of section 484.01 applies to appeals by cities of the first class. Given this distinction, we do not consider the statutes to be susceptible to more than one reasonable interpretation, and therefore conclude that the VPA and section 484.01, subdivision 2, are not ambiguous. Further, this interpretation gives effect to all provisions of the VPA and to section 484.01, subdivision 2.

Eldredge makes an additional argument that the silence of the VPA as to the right of an employer to appeal might be reasonably interpreted to mean that an employer cannot appeal from a decision rendered in a VPA proceeding. He would have us apply our decision in *Southern Minnesota Municipal Power Agency v. Schrader,* 394 N.W.2d 796 (Minn.1986), and determine that the VPA is the source of an employer's right to appeal. We reject this approach. First, as we stated, silence alone does not render a statute ambiguous. *Premier Bank v. Becker Dev., LLC,* 785 N.W.2d 753, 760 (Minn.2010). Moreover, even if we did turn to *Schrader,* Eldredge's reliance on *Schrader* is misplaced, for several reasons. First, we did not expressly hold in *Schrader* that the employer's right to appeal arose from the

VPA. *See Schrader,* 394 N.W.2d at 802. Second, the facts and procedural posture of *Schrader* are distinguishable. Specifically, the political subdivision that employed the veteran in *Schrader* was a municipal power agency, not a city of the first class, and the decision appealed from in *Schrader* was made by an ad hoc board constituted according to the provisions of the VPA that apply when "no established civil service board exist[s] in the area." *Schrader,* 394 N.W.2d at 798–99. Third, as the court of appeals noted, we granted review in *Schrader* to answer the question of the scope of the hearing board's power, not to address any issues related to the timing of an appeal. *Schrader,* 394 N.W.2d at 800, 802, *cited in Eldredge,* 788 N.W.2d at 527. For all the foregoing reasons, we agree with the conclusion of the court of appeals that *Schrader* does not control here.[3]

Finally, we address one other argument offered by Eldredge. He asserts that the court of appeals decision established "a bizarre, convoluted, and Byzantine statutory scheme" in which cities of different sizes have different time periods to secure review of a final decision arising in a veterans preference proceeding. Eldredge bases this argument upon his comparison of section 484.01, subdivision 2, which applies to cities of the first class, with Minn.Stat. ch. 44 (2010), which governs merit system authorities in cities of the second, third, and fourth classes. Eldredge's assertion implicates the rule of statutory interpretation that "courts should construe a statute to avoid absurd results and unjust consequences." *Am.*

---

**3.** To the extent *Stafne v. City of Center City,* No. C1–98–835, 1998 WL 778931 (Minn.App. Nov. 10, 1998), *rev. denied* (Minn. Jan. 21, 1999), and *City of Elk River v. Rollins,* No. C0–96–2393, 1997 WL 370461 (Minn.App. July 8, 1997), *rev. denied* (Minn. Sept. 3, 1997), indicate that the right of a public employer to appeal in a VPA proceeding arises from the VPA, *Stafne* and *Rollins* are overruled.

*Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 278 (Minn.2000).

■■■■ As we described above, cities of the first class have 60 days to secure a writ of certiorari from a district court to review a final decision of a civil service commission, as expressly provided by section 484.01, subdivision 2. In contrast, Minn.Stat. ch. 44 provides that cities of the second, third, and fourth classes that have adopted a merit system for employment have 10 days to appeal to the district court from a decision of a merit system board. Minn.Stat. § 44.09, subd. 1. In all cities, the deadline to appeal for employees is the same as it is for the public employer— unless the employee is a veteran. *See* Minn.Stat. §§ 44.09, subd. 1, 44.14, 484.01, subd. 2. We see no reason to conclude that the exception for veterans throughout the statutes is absurd or unjust. *See Schroedl*, 616 N.W.2d at 278. Given the plain language in the statutes, we will not substitute our judgment for that of the Legislature.

■■■■ In sum, we conclude that the VPA and section 484.01, subdivision 2, are unambiguous. Construed together, the statutes allow veterans a process for securing judicial review of a final decision of a civil service commission in a VPA proceeding that is simpler and shorter than the process that a city of the first class must follow. Applying the statutes to the facts of this case requires affirmance of the court of appeals. The final decision of the Commission was dated July 31, 2009. The district court issued the writ of certiorari on September 22, 2009. Because the writ issued within the 60–day deadline provided by section 484.01, subdivision 2, the district court erred when it concluded that the writ was not timely. Therefore, we hold that the writ was timely, and the district court has jurisdiction to consider the City's appeal from the final decision of the Civil Service Commission. Accordingly, we affirm the court of appeals' decision reversing the district court and remand to the district court for further proceedings on the writ.

Affirmed.

PAGE, Justice (dissenting).

Because I conclude that the provisions of the Veterans Preference Act (VPA), Minn.Stat. § 197.46 (2010), govern a party's right to an appeal and that the court's holding is inconsistent with those provisions, I respectfully dissent.

The VPA prohibits a public employer from removing an honorably discharged veteran from employment except for "incompetency or misconduct shown after a hearing." Minn.Stat. § 197.46. The VPA directs cities to use, if possible, existing civil service commissions or merit system authorities as termination hearing panels; where neither a commission nor a merit system authority exists, cities may create ad hoc termination hearing panels. *Id.* The VPA also contains a clause that invalidates "any laws, charter provisions, ordinances or rules [that are] contrary" to the provisions of the VPA. *Id.* Accordingly, in examining the scope of a termination hearing panel's authority, we have consistently held that the panels may use their own rules so long as those rules are not in conflict with the provisions of the VPA. *See S. Minn. Mun. Power Agency v. Schrader*, 394 N.W.2d 796, 800–01 (Minn.1986); *Ramsey Cnty. Cmty. Human Servs. Dep't v. Davila*, 387 N.W.2d 421, 428 (Minn. 1986); *AFSCME Council 96 v. Arrowhead Reg'l Corr. Bd.*, 356 N.W.2d 295, 298 (Minn.1984); *Leininger v. City of Bloomington*, 299 N.W.2d 723, 729 (Minn.1980).

As relevant here, the VPA supplies the means by which an appeal from a termination hearing panel's decision is to be

made. Section 197.46 provides a veteran up to 25 days to appeal the decision of a termination hearing panel to a district court judge. Accordingly, Minn.Stat. § 484.01, subd. 2 (2010), which provides a party up to 60 days to appeal a civil service commission decision, is inconsistent with the time frame provided by the VPA and thus is inapplicable to a VPA termination hearing.

Applying the time frame provided by the VPA, I conclude that the City did not timely file its petition for a writ of certiorari with the Ramsey County District Court. As a result, the district court properly dismissed the City's petition. Therefore, I respectfully dissent.