# STATE OF MINNESOTA
## IN COURT OF APPEALS
## A25-1652

Duane Charles Hippe, Jr.,
Respondent,

vs.

Dakota County Sheriff Joe Leko,
Appellant.

**Filed June 1, 2026**
**Reversed**
**Ede, Judge**

Dakota County District Court
File No. 19HA-CV-25-3297

Nicholas R. Leverson, Leverson Budke, P.A., Eagan, Minnesota (for respondent)

Kathryn M. Keena, Dakota County Attorney, William M. Topka, Assistant County Attorney, Hastings, Minnesota (for appellant)

Considered and decided by Bentley, Presiding Judge; Ede, Judge; and Beane, Judge.

## SYLLABUS

A felony conviction that is a "crime of violence" under Minnesota Statutes section 624.712, subdivision 5 (2024), renders the convicted person ineligible to possess a firearm pursuant to section 624.713, subdivision 1(2) (2024), notwithstanding that the conviction is deemed to be for a gross misdemeanor per section 609.13, subdivision 1(1) (2016).

**OPINION**

**EDE**, Judge

In this appeal following entry of judgment on a district court's order issuing a writ of mandamus that directs appellant sheriff to provide respondent a permit to carry a pistol, appellant challenges the court's determination that respondent is eligible for relief under the applicable statutes. Because respondent is ineligible to possess a firearm due to his felony conviction that is a "crime of violence" under Minnesota law, we conclude that the district court erred in issuing the writ of mandamus. We therefore reverse.

**FACTS**

In 2018, respondent Duane Charles Hippe Jr. pleaded guilty to and was convicted of threats of violence, in violation of Minnesota Statutes section 609.713, subdivision 1 (2016).[1] At sentencing, the district court durationally departed downward and sentenced Hippe to 365 days' imprisonment, with 361 days stayed for two years, four days in custody, and credit for four days served.[2] This conviction was expunged in January 2025.

In February 2025, Hippe applied to appellant Dakota County Sheriff Joe Leko (the sheriff) for a permit to carry a pistol. The sheriff responded to Hippe via letter stating that

---

[1] The offense date was May 18, 2018.

[2] Under Minnesota Statutes section 609.0342(b) (Supp. 2023), "[a]ny sentence of imprisonment for . . . 365 days imposed or executed before July 1, 2023, shall be deemed to be a sentence of imprisonment for 364 days." The statute "applies . . . retroactively to offenders who received a gross misdemeanor sentence" before this law was enacted. 2023 Minn. Laws ch. 52, art. 6, § 6, at 918.

the sheriff had denied Hippe's application based on Hippe's 2018 conviction of threats of violence. In the letter, the sheriff explained that, "[a]lthough this conviction was deemed a gross misdemeanor at sentencing, it does not remove the fact that there is a felony conviction for a crime of violence." Moreover, the sheriff stated as follows:

> This crime is listed as a "crime of violence" as described in Minnesota . . . Statute[s] [section] 624.713. Pursuant to Minnesota . . . Statute[s] [section] 624.713[,] subdivision 1(2), a person who has been convicted or adjudicated delinquent in Minnesota, or elsewhere, of a crime of violence is deemed ineligible to possess ammunition or firearms for the remainder of their lifetime and is ineligible to receive a permit to carry.

Hippe requested reconsideration of the sheriff's decision and provided the sheriff a copy of the district court's expungement order. The sheriff responded to Hippe with a second letter explaining that Hippe's application "remain[ed] denied." The sheriff noted that the district court's expungement order

> state[d] in paragraph 7, "The petitioner shall continue to be prohibited from shipping, transporting, possessing, or receiving a firearm for the remainder of the petitioner's lifetime if the conviction was for a crime of violence and an order was not issued under Minnesota Statute[s] [section] 609.165, subdivision 1d."

In addition, the sheriff again cited Minnesota Statutes section 624.713, subdivision 1(2) (2024), and stated that "[t]he Sheriff's Office does not have discretion to supersede statutory disqualifiers for firearms possession."

Hippe petitioned the district court under Minnesota Statutes section 624.714, subdivision 12(a) (2024), requesting that the court issue a writ of mandamus directing the sheriff to provide him a permit to carry a pistol. The sheriff filed a response asking that the

3

district court deny Hippe's petition. The district court held a hearing on Hippe's petition, during which Hippe asserted that he was not convicted of felony threats of violence in 2018 because the district court had instead convicted him of a gross misdemeanor. The sheriff countered that, although the district court had durationally departed downward in sentencing Hippe and the conviction was deemed a gross misdemeanor, for purposes of Minnesota's firearm-possession statutes, Hippe was convicted of a felony.

The district court granted Hippe's petition for a writ of mandamus and entered judgment directing the sheriff to issue Hippe a permit to carry a pistol under Minnesota Statutes section 624.714 (2024).[3] In an attached memorandum, the district court explained its reasoning: "To hold that [Hippe] was convicted of a felony . . . would be to subvert the [district] court's intent not to convict [Hippe] of a felony by granting a downward durational departure after accepting [Hippe's] guilty plea."

The sheriff appeals.[4]

## ISSUE

Did the district court err in issuing the writ of mandamus based on its determination that Hippe is not prohibited from possessing a firearm under Minnesota Statutes section 624.713, subdivision 1(2)?

---

[3] The district court also "awarded [Hippe] reasonable costs and attorney[] fees in the amount of $2,000.00." *See* Minn. Stat. § 624.714, subd. 12(d) ("If the court grants a petition brought under paragraph (a), the court must award the applicant or permit holder reasonable costs and expenses including attorney fees.").

[4] The district court stayed enforcement of the judgment during the pendency of this appeal.

**ANALYSIS**

In challenging the district court's decision to issue the writ of mandamus, the sheriff contends that Hippe is prohibited from possessing a firearm because he was convicted of a felony "crime of violence," regardless of the sentence imposed. Hippe responds that he was never convicted of a felony "crime of violence" because "he received a downward durational departure and was sentenced to, and thereby convicted of, a gross misdemeanor." We agree with the sheriff.

Our analysis begins with (A) the standard of review and applicable law before turning to (B) our consideration of whether the district court erred in issuing the writ of mandamus based on its determination that Hippe is not prohibited from possessing a firearm under Minnesota Statutes section 624.713, subdivision 1(2).

**A.      Standard of Review and Applicable Law**

Appellate courts "review de novo the decision on a writ of mandamus when the district court based that decision solely on a legal determination." *Tapia v. Leslie*, 950 N.W.2d. 59, 63 (Minn. 2020). And courts "review questions of statutory interpretation de novo, . . . interpret[ing] statutory language to ascertain and effectuate the Legislature's intent." *Id.* at 61 (quotation and citation omitted); *see also* Minn. Stat. § 645.16 (2024) ("The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature."). To do so, courts first "determin[e] whether the statute, on its face, is ambiguous." *Tapia*, 950 N.W.2d at 61. "A statute is ambiguous if it is subject to more than one reasonable interpretation." *Id.* "If the Legislature's intent is apparent from

the plain and unambiguous language of the statute, [courts] do not engage in any further statutory construction." *Id.*

Minnesota residents may apply for a permit to carry a pistol with the sheriff of the county in which they reside. Minn. Stat. § 624.714, subd. 2(a); *see also Tapia*, 950 N.W.2d. at 60. Barring an exception inapplicable here, the sheriff must issue the permit if the applicant meets certain criteria. *See* Minn. Stat. § 624.714, subd. 2(b). If the sheriff denies an application for a permit to carry a pistol, the applicant may petition the district court for a writ of mandamus. *Id.*, subds. 12(a), (b). As relevant here, "[t]he court must issue its writ of mandamus directing that the permit be issued and order other appropriate relief unless the sheriff establishes by clear and convincing evidence . . . that the applicant is disqualified under the criteria described in subdivision 2, paragraph (b)." *Id.*, subd. 12(b)(1).[5]

---

[5] At oral argument on appeal, the sheriff acknowledged that, in opposing Hippe's petition for a writ of mandamus, it was his burden to establish by clear and convincing evidence that Hippe is disqualified under Minnesota Statutes section 624.714, subdivision 2(b), because Hippe is prohibited from possessing a firearm under section 624.713. *See* Minn. Stat. § 624.714, subds. 2(b)(4)(v), 12(b)(1). And the sheriff does not argue that we should apply the standard for issuing a writ of mandamus that the Minnesota Supreme Court discussed in *Madison Equities, Inc. v. Crockarell*, which would place the burden on Hippe to "show that (1) the [sheriff] failed to perform an official duty clearly imposed by law, (2) which caused a public wrong specifically injurious to [petitioner], and (3) for which there is no other adequate legal remedy." 889 N.W.2d 568, 571 (Minn. 2017) (quotations omitted). In light of the sheriff's acceptance of the burden under Minnesota Statutes section 624.714, subdivision 12(b)(1), and because it does not affect our ultimate decision to reverse, we assume without deciding that subdivision 12(b)(1), rather than *Madison Equities*, provides the applicable burden here. *Cf. Tapia*, 950 N.W.2d at 64 (explaining that the supreme court "need not resolve" the issue of "[w]hich standard to apply—the *Madison Equities* standard or the 12(b) standard—. . . because [the court] conclude[d] that . . . [the petitioner was] entitled to mandamus relief under both standards").

One of those criteria is that the applicant "is not prohibited from possessing a firearm under . . . section[] . . . 624.713." Minn. Stat. § 624.714, subd. 2(b)(4)(v). Under Minnesota Statutes section 624.713 (2024), certain persons are ineligible to possess a firearm, including those convicted of a "crime of violence." Minn. Stat. § 624.713, subd. 1(2). A "[c]rime of violence" is defined as "felony convictions" of enumerated offenses, including threats of violence under Minnesota Statutes section 609.713. Minn. Stat § 624.712, subd. 5 (2024) (quotation marks omitted).

Pertinent in this case, "'Felony' means a crime for which a sentence of imprisonment for more than one year may be imposed." Minn. Stat. § 609.02, subd. 2 (2016). "'Misdemeanor' means a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both, may be imposed." *Id.*, subd. 3 (2016). "'Gross misdemeanor' means any crime which is not a felony or misdemeanor." *Id.*, subd. 4 (2016). "The maximum fine which may be imposed for a gross misdemeanor is $3,000." *Id.* Under Minnesota Statutes section 609.713, subdivision 1, a person who is convicted of threats of violence "may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both."

Our determination whether Hippe's 2018 threats-of-violence conviction is a "crime of violence" under Minnesota Statutes section 624.712, subdivision 5, requires that we consider how a conviction for a felony may be deemed a lower level of offense pursuant to section 609.13, subdivision 1 (2016). That statute provides:

> Notwithstanding a conviction is for a felony:

> (1) the conviction is deemed to be for a misdemeanor or a gross misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor or gross misdemeanor as defined in section 609.02; or
>
> (2) the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.

Minn. Stat. § 609.13, subd. 1.

With the above principles in mind, we turn to the parties' arguments.

**B.    The district court erred in granting Hippe's petition for a writ of mandamus based on its determination that Hippe is not prohibited from possessing a firearm under Minnesota Statutes section 624.713, subdivision 1(2).**

The sheriff argues that Hippe was convicted of a felony "crime of violence," notwithstanding that he received a downward durational departure and that his conviction was deemed a gross misdemeanor by operation of law under Minnesota Statutes section 609.13, subdivision 1(1). Hippe counters that Minnesota Statutes section 609.13, subdivision 1(1), "exists precisely to distinguish felony-level convictions from reduced-level convictions" and that "a defendant's conviction is deemed to be at a level consistent with the terms of the sentence." We are persuaded by the sheriff's argument.

For present purposes, Minnesota law defines a "[c]onviction" as including "a plea of guilty" that is "accepted and recorded by the court." Minn. Stat. § 609.02, subd. 5(1) (2016) (quotation marks omitted). And the supreme court has "conclude[d] that the statute, Minn. Stat. § 609.02, subd. 5, clearly and unambiguously provides that a 'conviction' occurs when the district court accepts the guilty plea and the acceptance is on the record." *State v. Nodes*, 863 N.W.2d 77, 81 (Minn. 2015); *see also State v. Martinez-*

*Mendoza*, 804 N.W.2d 1, 6 (Minn. 2011) (stating that "a conviction requires that a district court both accept and record the guilty plea" and holding "that a court 'records' a guilty plea upon accepting the guilty plea and adjudicating the defendant guilty on the record" (quotation and citations omitted)).

The parties do not argue that the applicable statutes are ambiguous. We conclude that the statutes are unambiguous because the Minnesota Legislature's intent is apparent from the plain and unambiguous language of the relevant statutory text. *See Tapia*, 950 N.W.2d at 61.[6] It is undisputed that Hippe pleaded guilty to threats of violence, in violation of Minnesota Statutes section 609.713, subdivision 1. A person who violates that statute "may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both." Minn. Stat. § 609.713, subd. 1. "'Felony' means a crime for which a sentence of imprisonment for more than one year may be imposed," Minn. Stat.

---

[6] Hippe contends that reversal based on the sheriff's interpretation of the applicable statutes "would produce an absurd result" because it "would be chaotically disruptive to the legal function of a downward durational departure statewide." But we may not consider whether statutory interpretation produces an absurd result if the statute at issue is plain and unambiguous. *See State v. Thompson*, 995 N.W.2d 415, 422 (Minn. App. 2023) ("The supreme court has emphasized that the absurdity rule of construction 'is not available to override the plain language of a clear and unambiguous statute, except in an exceedingly rare case in which the plain meaning of the statute utterly confounds the clear legislative purpose of the statute.'" (quoting *Schatz v. Interfaith Care Ctr.*, 811 N.W.2d 643, 651 (Minn. 2012))); *see also State v. Selseth*, 933 N.W.2d 541, 545 (Minn. App. 2019) ("If the statute's unambiguous language merely produces a troubling result, we must apply it without reference to its drafting history." (quotation omitted)); *City of Saint Paul v. Eldredge*, 788 N.W.2d 522, 528 (Minn. App. 2010) ("Because the relevant statutory language is explicit and unambiguous, it is not appropriate for us to consider whether the statutory scheme is absurd."), *aff'd*, 800 N.W.2d 643 (Minn. 2011). Because we conclude that this is not an exceedingly rare case in which the plain meaning of the statute utterly confounds the clear legislative purpose of the statute, we do not consider Hippe's absurdity argument. *See Thompson*, 995 N.W.2d at 422.

§ 609.02, subd. 2. And a "[c]rime of violence" is defined as "felony convictions" of enumerated offenses that include threats of violence under Minnesota Statutes section 609.713, Minn. Stat § 624.712, subd. 5 (quotation marks omitted). Thus, Hippe stood convicted of a "crime of violence" when the district court accepted and recorded his guilty plea before imposing the sentence. *See Nodes*, 863 N.W.2d at 81.

We are unconvinced by Hippe's contention that threats-of-violence convictions are not necessarily felonies because a person in violation of the statute "*may* be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $10,000, or both." Minn. Stat. § 609.713, subd. 1 (emphasis added). The plain and unambiguous language of the statute provides for an imprisonment term that exceeds one year and a fine that exceeds $3,000—by definition, it is therefore a felony. *See id.*; *see also* Minn. Stat. § 609.02, subds. 2–4; *Tapia*, 950 N.W.2d at 61. Indeed, we have explained that "a downward durational departure" is "[t]he imposition of a gross-misdemeanor sentence *for a felony conviction*." *State v. Dentz*, 919 N.W.2d 97, 101 (Minn. App. 2018) (emphasis added) (citing Minn. Stat. § 609.13, subd 1(1) (2016) ("Notwithstanding a conviction is for a felony . . . the conviction is deemed to be for a misdemeanor or a gross misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor or gross misdemeanor as defined in section 609.02 . . . .")) (other citation omitted).[7]

---

[7] While not dispositive of the issue before us, we also note that the Minnesota Sentencing Guidelines applicable at the time of Hippe's 2018 threats-of-violence conviction and when the district court issued the writ of mandamus provide that "a *prior felony conviction* [that] resulted in a non-felony sentence (misdemeanor or gross misdemeanor) . . . must be counted in the criminal history score as a misdemeanor or gross misdemeanor conviction."

The Minnesota Supreme Court's decisions in *State v. Moon*, 463 N.W.2d 517, 519–21 (Minn. 1990), and *State v. Anderson*, 733 N.W.2d 128, 135–36 (Minn. 2007), further lead us to conclude that Hippe was convicted of a felony rather than a gross misdemeanor and is therefore prohibited from possessing a firearm, despite the downward durational departure that he received.

In *Moon*, the supreme court "address[ed] whether [Minnesota Statutes] section 609.165, subdivision 1a [(1990)], applies to a person who has been convicted of felony theft if the conviction is subsequently deemed to be for a misdemeanor pursuant to section 609.13 [(1990)]." 463 N.W.2d at 519. The 1990 version of Minnesota Statutes section 609.165, subdivision 1a, required that orders of discharge following a conviction of a "crime of violence" provide that the convicted person was "not entitled to ship, transport, possess, or receive a firearm until ten years [had] elapsed since the person was restored to civil rights and during that time the person was not convicted of any other crime of violence." Minn. Stat. § 609.165, subd. 1a.

The supreme court held "that the definitions of the offenses listed as crimes of violence in section 624.712, subdivision 5, relate to the elements of the offense for which the defendant was originally convicted rather than the disposition subsequently imposed by the [district court] judge." *Moon*, 463 N.W.2d at 521. In so holding, the supreme court reasoned: "Section 609.13 does not preclude the legislature from imposing consequences, as it did in this case to protect the safety of the public, based on an offender's commission

Minn. Sent'g Guidelines 2.B.1.h (Supp. 2025) (emphasis added); *see also* Minn. Sent'g Guidelines 2.B.1.h (Supp. 2017).

11

of criminal acts which also constitute felonies." *Id.* Moreover, the supreme court explained: "In enacting section 609.165, subdivision 1a, the legislature intended the nature of the offense rather than the subsequent treatment of the offender to be the basis for the imposition of the firearms restriction." *Id.* Consequently, the supreme court ruled that, "because [the defendant] was originally convicted of felony theft, the [district] court correctly imposed the firearms restriction upon his discharge from probation." *Id.*

In *Anderson,* the supreme court addressed an appeal from a conviction of being a felon in possession of a firearm, in violation of Minnesota Statutes section 609.165, subdivision 1b (2006), and section 609.11 (2006). 733 N.W.2d at 132, 134. One of the issues on appeal was "whether a felony burglary conviction that is later deemed a misdemeanor under [Minnesota Statutes] section 609.13 [(2006)] is a 'crime of violence' for the purposes of the firearm prohibition statute." *Id.* at 134. Reasoning that "*Moon* instructs courts to consider the elements of a prior offense rather than its subsequent disposition when deciding whether the offense is a crime of violence," the supreme court specified that "the relevant provision of [Minnesota Statutes] section 609.165, subd. 1b(a)—prohibiting firearm possession by '[a]ny person who *has been convicted* of a crime of violence' (emphasis added)—has not changed since [the court] decided *Moon*." *Id.* at 136. And the supreme court adopted our conclusion that the defendant "ha[d] been convicted' of felony second-degree burglary. His conviction was later deemed a misdemeanor, but that [did] not change his underlying conviction for the purposes of the firearm prohibition statute." *Id.* (quotation omitted). As a result, the supreme court

"conclude[d] that [the defendant] ha[d] not established that the district court committed error when it applied the firearm prohibition statute to him." *Id.*

We are mindful that *Moon* considered the 1990 version of Minnesota Statutes section 609.165, subdivision 1a, that *Anderson* applied the 2006 version of section 609.165, subdivision 1b, and that our analysis here focuses on the 2024 version of section 624.713, subdivision 1(2). But all three provisions use the same operative language, which specifies their application to a "person who has been convicted" of a "crime of violence." *Compare* Minn. Stat. § 609.165, subd. 1a (1990) ("The order of discharge must provide that a *person who has been convicted of a crime of violence*, as defined in section 624.712, subdivision 5, is not entitled to ship, transport, possess, or receive a firearm until ten years have elapsed since the person was restored to civil rights and during that time the person was not convicted of any other crime of violence." (emphasis added)), *and* Minn. Stat. § 609.165, subd. 1b(a) (2006) ("Any *person who has been convicted of a crime of violence,* as defined in section 624.712, subdivision 5, and who ships, transports, possesses, or receives a firearm, commits a felony and may be sentenced to imprisonment for not more than 15 years or to payment of a fine of not more than $30,000, or both." (emphasis added)), *with* Minn. Stat. § 624.713, subd. 1(2) (2024) (providing in relevant part that "a *person who has been convicted of . . . a crime of violence*" "shall not be entitled to possess ammunition or a pistol or semiautomatic military-style assault weapon or . . . any other firearm" (emphasis added)).

We see no reasoned basis to distinguish *Moon*'s broad holding—which *Anderson* reaffirmed—that "[s]ection 609.13 does not preclude the legislature from imposing

13

consequences . . . to protect the safety of the public . . . based on an offender's commission of criminal acts which also constitute felonies" and that "the definitions of the offenses listed as crimes of violence in section 624.712, subdivision 5, relate to the elements of the offense for which the defendant was originally convicted rather than the disposition subsequently imposed by the [district court] judge." *Moon*, 463 N.W.2d at 521. It does not matter that *Moon* and *Anderson* analyzed subdivision 1(2) of Minnesota Statutes section 609.13, rather than subdivision 1(1), because both subparagraphs are prefaced by the same premise: "Notwithstanding a conviction is for a felony . . . ." Minn. Stat. § 609.13, subd. 1. In that connection, we observe that the supreme court in *Moon* referred to "[s]ection 609.13" as a whole. 463 N.W.2d at 521.

Thus, we hold that a felony conviction that is a "crime of violence" under Minnesota Statutes section 624.712, subdivision 5, renders the convicted person ineligible to possess a firearm pursuant to section 624.713, subdivision 1(2), notwithstanding that the conviction is deemed to be for a gross misdemeanor per section 609.13, subdivision 1(1). Applying this holding to our de novo review of the district court's decision to grant Hippe's petition for a writ of mandamus, we conclude that the court erred in determining that Hippe is not prohibited from possessing a firearm under Minnesota Statutes section 624.713, subdivision 1(2).

Given that a conviction occurs when a guilty plea is accepted and recorded, Hippe was convicted of felony threats of violence in 2018 when the district court accepted and recorded his guilty plea, despite the district court's decision to durationally depart downward in sentencing him. And because threats of violence is a "crime of violence"

14

under Minnesota Statutes section 624.712, subdivision 5, Hippe is ineligible to possess a firearm pursuant to section 624.713, subdivision 1(2). Accordingly, we reverse the district court's judgment on its order issuing the writ of mandamus that directs the sheriff to provide Hippe a permit to carry a pistol under Minnesota Statutes section 624.714.[8]

## DECISION

A felony conviction that is a "crime of violence" under Minnesota Statutes section 624.712, subdivision 5, renders the convicted person ineligible to possess a firearm pursuant to section 624.713, subdivision 1(2), notwithstanding that the conviction is deemed to be for a gross misdemeanor per section 609.13, subdivision 1(1). The district court erred in issuing the writ of mandamus based on its determination that Hippe is not

---

[8] In granting Hippe's petition for a writ of mandamus, the district court noted that, in the expungement order, the court "did not check the box that would have indicated that . . . Hippe was to be subject to a lifetime prohibition on possessing firearms due to his expunged conviction being a conviction for a crime of violence." *See* Minn. Stat. § 624.712, subd. 10 (2024) (defining "[c]rime punishable by imprisonment for a term exceeding one year" and providing that "[a]ny conviction which has been expunged . . . shall not be considered a conviction for purposes of this definition, unless such . . . expungement . . . expressly provides that the person may not ship, transport, possess, or receive firearms" (quotation marks omitted)). Hippe does not argue that the expungement order is a basis to affirm the district court's decision to grant his petition for a writ of mandamus under Minnesota Statutes section 624.712, subdivision 10. Given "the 'axiomatic' principle 'that issues not argued in the briefs are deemed waived on appeal,'" we need not consider whether the expungement order supplies an independent ground to affirm. *State v. Robinette*, 964 N.W.2d 143, 147 n.6 (Minn. 2021) (quoting *In re Application of Olson for Payment of Servs.*, 648 N.W.2d 226, 228 (Minn. 2002)) (other quotation omitted). We observe, however, that there is no box to check next to the paragraph of the expungement order providing that Hippe "shall continue to be prohibited from shipping, transporting, possessing, or receiving a firearm for the remainder of . . . [his] lifetime if the conviction was for a crime of violence and an order was not issued under Minn. Stat. § 609.165, subd. 1d."

prohibited from possessing a firearm under Minnesota Statutes section 624.713, subdivision 1(2).

**Reversed.**