*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0605**

Steven Robert Anderson, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 20, 2026
Affirmed
Ede, Judge**

Carlton County District Court
File No. 09-CR-20-1077

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Keith Ellison, Attorney General, St. Paul, Minnesota; and

Jeffrey Boucher, Carlton County Attorney, Michael J. Boese, Assistant County Attorney, Carlton, Minnesota (for respondent)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Ede, Judge.

**NONPRECEDENTIAL OPINION**

**EDE**, Judge

This is an appeal from the district court's order summarily denying appellant's petition for postconviction relief. Through his postconviction petition, appellant sought withdrawal of his guilty plea to misdemeanor operation of a motor vehicle with an alcohol concentration of 0.08 or more within two hours. He argues on appeal that the district court

abused its discretion in denying his petition because: (1) his guilty plea was unintelligent given that he did not knowingly waive his right to appeal the court's pretrial order denying his motion to suppress evidence and to dismiss the charges; and (2) his plea was involuntary on ineffective-assistance-of-counsel grounds. Because the district court acted within its discretion by denying appellant's petition after determining that appellant's guilty plea was intelligent and voluntary, we affirm.

**FACTS**

Respondent State of Minnesota charged appellant Steven Robert Anderson with gross-misdemeanor operation of a motor vehicle under the influence of alcohol, in violation of Minnesota Statutes section 169A.20, subdivision 1(1) (2018), gross-misdemeanor operation of a motor vehicle with an alcohol concentration of 0.08 or more within two hours, in violation of Minnesota Statutes section 169A.20, subdivision 1(5) (2018), and exceeding the speed limit, in violation of Minnesota Statutes section 169.14, subdivision 2(a) (2018). Challenging the legal basis for the underlying traffic stop of his vehicle, Anderson moved to suppress the evidence and to dismiss the charges against him.[1] The matter proceeded to an evidentiary hearing, after which the district court denied Anderson's motion. Anderson later retained new counsel to represent him.

At a pretrial hearing in December 2022, Anderson pleaded guilty to an amended charge—misdemeanor operation of a motor vehicle with an alcohol concentration of 0.08 or more within two hours—and the state dismissed the remaining offenses. The hearing

---

[1] The state later filed an amended complaint that altered the charges in a manner not relevant to this appeal.

2

began with Anderson's counsel informing the district court that Anderson had "told [him] that he's interested in entertaining a settlement of some kind." In relevant part, the district court reviewed the following rights and advisements with Anderson:

> THE COURT: You understand, . . . Anderson, that you could have a jury trial on this case, correct?
> [ANDERSON]: Yes.
>
> THE COURT: In fact, we are scheduled to be number one next week on Tuesday and you would have a jury of six people that you'd pick with your attorney's assistance and . . . the jurors would listen to the witnesses testify in front of you in open court. Do you understand that?
> [ANDERSON]: Yes.
>
> THE COURT: You would have the right to testify if you wanted to, but no one can make you testify, and if you decided not to testify, the state can't make a big deal out of that to the jury and they can't hold it against you. Do you understand that as well?
> [ANDERSON]: Yes.
>
> THE COURT: [Your counsel] would have the right to cross-examine any witnesses that [the prosecutor] would call to prove the case against you. You understand you're waiving all of these rights if you plead today, right?
> [ANDERSON]: Yes.
>
> THE COURT: You also understand that if you . . . wake up tomorrow morning and you feel like maybe this wasn't . . . the right choice for you or maybe you made a mistake, it's going

to be really hard for you to go back and change your mind. Does that make sense as well?
[ANDERSON]: It does, yes.

THE COURT: Okay. And you're comfortable going forward and entering this plea?
[ANDERSON]: Yes.

. . . .

THE COURT: . . . I'm going to accept your plea to an amended Count I[,] . . . misdemeanor driving while under the influence of over .08 or more . . . within two hours of being stopped. . . . Anderson, you have the right to address the Court before I impose sentence. Is there anything you want to say?
[ANDERSON]: No, ma'am.

Immediately after the plea, the district court sentenced Anderson to 90 days in jail, with credit for two days served, the balance of which the court stayed for one year of unsupervised probation, with certain terms and conditions. Although Anderson's attorney told the district court that he would complete and file a plea petition prepared by the prosecutor pursuant to Minnesota Rule of Criminal Procedure 15 after the hearing, no such petition appears in the record.

In December 2024, Anderson petitioned for postconviction relief, requesting that the district court allow him to withdraw his guilty plea to prevent manifest injustice. Anderson argued that his guilty plea was unintelligent and involuntary because he received ineffective assistance of counsel at the time he pleaded guilty and did not know that he was waiving his right to appeal the district court's order denying his motion to suppress evidence and to dismiss the charges.

4

The district court summarily denied Anderson's postconviction petition because it determined that his guilty plea was accurate, voluntary, and intelligent. In reaching that determination, the district court reasoned that Anderson had been sufficiently informed on the record about the rights he was waiving and the direct consequences of his plea. And the district court ruled that Anderson had received effective assistance of counsel throughout the case.

This appeal follows.

**DECISION**

Anderson argues that the district court abused its discretion by denying his postconviction petition because: (1) his guilty plea was unintelligent given that he did not knowingly waive his right to appeal the court's pretrial order denying his motion to suppress evidence and to dismiss the charges; and (2) his plea was involuntary on ineffective-assistance-of-counsel grounds.

Appellate courts "review a [district] court's summary denial of a petition for postconviction relief for an abuse of discretion." *Andersen v. State*, 913 N.W.2d 417, 422 (Minn. 2018). "A [district] court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). A district court must hold an evidentiary hearing on a postconviction petition "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2024). "In determining whether an evidentiary hearing is required, a [district] court considers the facts alleged in

the petition as true and construes them in the light most favorable to the petitioner." *Andersen*, 913 N.W.2d at 422–23 (quotation omitted).

"A defendant has no absolute right to withdraw a guilty plea after entering it." *State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But a defendant may withdraw a guilty plea "after sentencing upon a timely motion and proof to the satisfaction of the [district] court that withdrawal of the plea is necessary to correct a manifest injustice." *Perkins v. State*, 559 N.W.2d 678, 685 (Minn. 1997) (quotations omitted); *see also* Minn. R. Crim. P. 15.05, subd. 1. "A manifest injustice exists if a guilty plea is not valid." *Raleigh*, 778 N.W.2d at 94. To be valid, a guilty plea must be accurate, voluntary, and intelligent. *Id.* "A defendant bears the burden of showing his plea was invalid." *Id.*

"Although [appellate courts] review the denial of . . . a petition for postconviction relief for an abuse of discretion, the overall question of whether [a defendant's] guilty plea was valid presents a question of law that [appellate courts] review de novo." *Dikken v. State*, 896 N.W.2d 873, 876 (Minn. 2017) (citations omitted). And "[b]ecause claims of ineffective assistance of counsel are mixed questions of law and fact, [appellate courts] review the [district] court's legal conclusions on such questions de novo." *State v. Nicks*, 831 N.W.2d 493, 503 (Minn. 2013).

We address each of Anderson's arguments in turn.

I. **The district court acted within its discretion in determining that Anderson's plea was intelligent.**

Anderson asserts that his guilty plea was unintelligent because "he did not know that his guilty plea would result in immediate waiver of his right to appeal the [district]

6

court's suppression ruling, a right which he did not intend to relinquish." This argument is unavailing.

"To be intelligent, a guilty plea must represent a knowing and intelligent choice among the alternative courses of action available." *Dikken*, 896 N.W.2d at 877 (quotation omitted). The requirement that a guilty plea be intelligent "insures that the defendant understands the charges, his or her rights under the law, and the consequences of pleading guilty." *State v. Wukawitz*, 662 N.W.2d 517, 522 (Minn. 2003) (quotation omitted). If a defendant understands "all three aspects . . . , then [the] plea was intelligently entered." *Dikken*, 896 N.W.2d at 877. "Manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent, and thus the plea may be withdrawn." *Perkins*, 559 N.W.2d at 688. "[A] valid guilty plea waives all non-jurisdictional defects arising prior to the entry of the plea." *Dikken*, 896 N.W.2d at 878 (footnote and quotation omitted).

Minnesota Rule of Criminal Procedure 15.02 outlines the guilty-plea procedures for gross misdemeanors and misdemeanors. *See* Minn. R. Crim. P. 15 cmt. ("It is clear then that at least some limited inquiry is necessary on the record before a misdemeanor guilty plea is accepted, and Rule 15.02 prescribes the minimal standards for this questioning."). As relevant here, subdivision 1 of rule 15.02 provides that, "[b]efore the [district] court accepts a plea of guilty to any misdemeanor or gross misdemeanor offense punishable upon conviction by incarceration, . . . [t]he defendant must . . . be questioned by the court or counsel" as to their understanding of and agreement to, among other things, their waiver of certain enumerated rights. Minn. R. Crim. P. 15.02, subd. 1. This includes that the defendant "[u]nderstands and waives the right to . . . a pretrial hearing to contest the

7

admissibility at trial . . . of any evidence obtained from a search and seizure." *Id.*, subd. 1(5)(f). It does not, however, include that the defendant understands and waives the right to appeal a district court order denying a motion to suppress evidence and to dismiss the charges. Indeed, the right to appeal *any* issue—including non-jurisdictional issues involved in challenges to a district court's order denying a motion to suppress evidence and to dismiss the charges—is not among the waived rights listed in the rule. *See id.*, subd. 1. Put differently, the right to a pretrial hearing contesting the admissibility of evidence obtained from a search and seizure—a right that Anderson exercised here through the evidentiary hearing he received on his motion to suppress evidence and to dismiss the charges against him—is different from the right to appeal a district court order denying such a motion.

Anderson contends that he did not know that, by pleading guilty, he would waive his right to appeal the district court's order denying his motion to suppress evidence and to dismiss the charges against him. But the record does not reflect that, before he pleaded guilty, Anderson expressed any desire to appeal that order. Nor does the record show that Anderson affirmatively intended or believed that he could appeal the order. Anderson did not enter his plea on the condition that he could appeal the district court's decision on his pretrial motion. And nothing in the record establishes that Anderson was misled to believe he could appeal despite his guilty plea. At no point before he sought postconviction relief did Anderson maintain that he would not have pleaded guilty if he had known he could not appeal the district court's order denying his motion to suppress evidence and to dismiss the charges against him. Instead, when the district court asked Anderson whether he

8

understood and wished to waive his trial rights by pleading guilty, he responded affirmatively, without hesitation.

Anderson has cited no constitutional basis, binding precedent, statute, or rule requiring that, before a district court may accept a guilty plea, a defendant must expressly waive their right to appeal an order denying a motion to suppress evidence and to dismiss the charges. Nor are we aware of any. Thus, we conclude that the district court acted within its discretion in determining that Anderson's plea was intelligent.

## II. The district court acted within its discretion in determining that Anderson's plea was voluntary because he received effective assistance of counsel.

Anderson argues that his guilty plea was involuntary because he received ineffective assistance of counsel, maintaining that a "reasonably competent attorney would have ensured that [he] knew that pleading guilty would automatically waive his right to appeal the suppression ruling." This argument does not merit reversal.

"The Sixth Amendment to the United States Constitution and Article I, Section 6, of the Minnesota Constitution guarantee a criminal defendant 'the right to the effective assistance of counsel.'" *Taylor v. State*, 887 N.W.2d 821, 823 (Minn. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). "Because ineffective assistance of counsel may render a plea constitutionally invalid, and a manifest injustice exists if a guilty plea is not valid, a guilty plea based on ineffective assistance of counsel creates a manifest injustice as a matter of law." *State v. Ellis-Strong*, 899 N.W.2d 531, 541 (Minn. App. 2017) (citation and quotation omitted).

9

"To succeed on a claim of ineffective assistance of counsel, a petitioner must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced [their] defense." *State v. Zielinski*, 10 N.W.3d 1, 19 (Minn. 2024) (citing *Strickland*, 466 U.S. at 687). "A court may address the two prongs of [this *Strickland*] test in any order and may dispose of the claim on one prong without analyzing the other." *Id.* at 20 (quotation omitted). As to the first *Strickland* prong, "[a]n attorney's performance falls below an objective standard of reasonableness when they fail to exercise the skills and diligence of a reasonably competent attorney under the circumstances." *Allwine v. State*, 994 N.W.2d 528, 536 (Minn. 2023).

Here, the district court determined on the first *Strickland* prong that Anderson's counsel did not render deficient performance because the right to appeal an order denying a motion to suppress evidence and to dismiss the charges "is not even part of the questions in Minn. R. Crim. P. 15.02," and "[i]t is not constitutionally required that this specific right be covered with a defendant for a plea to be valid." We discern no abuse of discretion in this correct statement of applicable law by the district court.

Anderson effectively asks that we establish a new legal standard that counsel is ineffective if they fail to advise a defendant that their guilty plea will waive their right to appeal a district court's order denying a motion to suppress evidence and to dismiss the charges. But "[i]t is well established that the task of extending existing law falls to the supreme court or the legislature." *Resendiz v. State*, 832 N.W.2d 860, 867 (Minn. App. 2013) (quotation omitted), *rev. denied* (Minn. Aug. 20, 2013). As discussed above, we know of no constitutional basis, binding precedent, statute, or rule requiring that counsel

10

advise a defendant of their right to appeal an order denying a motion to suppress evidence and to dismiss the charges before the defendant pleads guilty. Although adhering to such a practice might reflect commendable skill and diligence in representation of the accused, in the absence of authority as just described, we cannot say that the failure to do so results in performance that "falls below an objective standard of reasonableness." *Allwine*, 994 N.W.2d at 536. This is particularly so here, given the absence of any evidence that counsel affirmatively misadvised Anderson or that Anderson expressly conditioned his guilty plea on preserving his right to appeal the district court's order denying his motion to suppress evidence and to dismiss the charges.

For these reasons, we agree with the district court that "the record here was adequate to show [that Anderson] was informed of his rights and intelligently waived those rights, despite not reviewing a plea petition with his attorney" and filing it as promised, which the court determined did "not rise to level of objective unreasonableness as required." *See State v. Lawrence*, 982 N.W.2d 772, 775 (Minn. App. 2022) (explaining that "[t]he Minnesota Rules of Criminal Procedure provide two [alternative] procedures for a defendant to plead guilty when charged with a misdemeanor," including "requir[ing] a defendant to personally appear at a hearing to undergo questioning from the court or counsel" (citing Minn. R. Crim. P. 15.02, subds. 1, 2). We therefore conclude that the district court acted within its

discretion in determining that Anderson's plea was voluntary because he received effective assistance of counsel.[2]

**Affirmed.**

---

[2] In light of our conclusion that Anderson's argument fails on the first *Strickland* prong, we need not address the second step of the *Strickland* analysis. *See Zielinski*, 10 N.W.3d at 20.